## A91A1905. WEATHERS v. THE STATE.
(415 SE2d 690)

Judge Arnold Shulman.

The appellant was convicted of aggravated assault and driving under the influence of alcohol. This appeal is from the denial of his motion for a new trial; the appellant seeks reversal of his conviction on the charge of aggravated assault.

The complaining witnesses, a woman and her minor daughter, testified that shortly after they entered onto northbound Interstate 85 at the Buford/Lawrenceville ramp to return from Atlanta to their home in Hartwell, Georgia, they observed and commented on an orange/brown truck with a white camper top also travelling north on the highway and at a speed noticeably slower than the other traffic. About 30 minutes later, after nightfall, a vehicle with its high beams illuminated began to follow the victims' car. In an effort to discourage that vehicle and escape the glare of the lights, the victim engaged in several maneuvers, including decelerating and passing, all to no avail. When she spotted the well-lighted exit at Commerce, she decided to exit there, but was struck from the rear when she slowed down to turn onto the ramp. The impact caused her to miss the exit, and both she and her daughter became frightened. The daughter, who turned around when their car was struck, told her mother that the vehicle that hit them was the truck with the camper they had noticed previously. The victim twice more tried to exit the highway and both times was struck by the pursuing vehicle, which at one point, with its headlights extinguished, pushed the victims' car along the road. During this period, the victim was blowing her horn and flashing her lights in an effort to summon help. Finally, she accelerated to approximately 98 miles per hour and exited when she saw a well-lighted service station on the opposite side of the interstate highway. However, she mistakenly turned left onto the entrance ramp to southbound Interstate 85 instead of the road which led to the station parking area. Almost immediately she realized the error, stopped her car, and rolled down the windows, and both she and her daughter began screaming for

help. The daughter then saw that a truck with a camper top was behind them on the ramp and told her mother to "do something because he's behind us." The victim testified that the truck had stopped behind them and that the driver had gotten out and was walking toward their car. In an effort to evade the driver and get to the service station, she made a u-turn on the ramp and in doing so passed the driver. She testified that as she did so, she was able to observe him in the headlights of her car and to hear him say, "I thought. . . ." Another truck driver who had been at the service station and had heard the victims' screams approached to offer assistance when he observed both vehicles on the southbound entrance ramp. As he did so, the driver of the camper truck turned around to go back to his truck. This witness testified that as the driver reached the door of his truck, he turned around to face the witness and instructed the witness to "[t]ell the woman that I didn't mean it on the road. That I didn't mean to hurt . . . I didn't mean her no harm." He then climbed into his truck and sped away. A description of the truck and tag number was given to the police. Approximately 20 minutes later, the appellant was apprehended by a sheriff's deputy and returned to the service station, where he and his truck were identified by the victims and the witness.

The appellant and his wife both testified that during the time the victims' car was being pursued and bumped they were driving to, repairing, and retrieving the appellant's wife's car which had become disabled on her return to their Mayesville home from a trip to South Carolina. That car had been left by the appellant's wife at a service station four exits north of the Mayesville exit on Interstate 85. They both testified that after the appellant worked on her car, she drove it back to their home and was followed by the appellant until he was apprehended by the police on southbound Interstate 85.

1. In his first enumeration of error, the appellant contends that the trial court erred in excluding the testimony of an alibi witness because that witness, having been sworn and instructed by the court to remain sequestered, instead remained present in the courtroom during an entire day's testimony. Although there have been conflicting cases regarding the competency to testify of witnesses who have violated the rule of sequestration, the Supreme Court has held that "a witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying. [Cits.]" *Jordan v. State*, 247 Ga. 328, 347 (10) (276 SE2d 224) (1981). Violation of the rule by any witness in a criminal trial goes to the issue of credibility, not admissibility, of the witness' testimony. *O'Kelley v. State*, 175 Ga. App. 503 (1) (333 SE2d 838) (1985). Thus, it was error for the trial court to exclude the testimony of the appellant's witness, however, at the preliminary hearing, that witness testified only as to his prior use of the

appellant's vehicle and the reason he had left beer cans in the back. His testimony in no way buttressed the appellant's alibi. Although the excluded testimony might have been considered by the jury with respect to the DUI charge, the appellant has not requested the reversal of that charge and there was, in any event, evidence sufficient for a jury to have convicted the appellant on that charge. The trial court's error in excluding the appellant's witness' testimony was harmless.

2. The appellant also contends that the trial court erred in denying his motion to suppress the in-court identification testimony as tainted by an impermissibly suggestive one-person show-up identification. This court has thoroughly considered the dangers inherent in the practice of bringing single suspects to confront witnesses for the purpose of pre-trial identification, in particular, the danger of the " 'substantial likelihood of irreparable misidentification.' [Cit.]" (*Daniel v. State*, 150 Ga. App. 798, 799 (1) (258 SE2d 604) (1979)). To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty. However, both state and federal courts have also recognized consistently those countervailing considerations which may render the one-on-one confrontation permissible if not desirable. These include the necessity of a speedy police investigation and the necessity to resolve promptly any doubts as to identification so as to enhance the accuracy and reliability of the identification, thus expediting the release of innocent subjects. *Bennefield v. Brown*, 228 Ga. 705 (187 SE2d 865) (1972); *Arnold v. State*, 155 Ga. App. 782 (272 SE2d 751) (1980); see *Bates v. United States*, 405 F2d 1104 (D.C. Cir. 1968). In the present case, the victim testified that she recognized the truck as the vehicle which had pursued them and was able to observe the appellant in the light of her headlights as she drove up the ramp. The witness testified that the "whole [area] is well-lighted," that he got a good look at the appellant, and that he was paying attention to the appellant as the appellant directed his remarks to the witness. The victim gave the sheriff's department an accurate and reasonably detailed description of the appellant prior to his return to the service station with the deputy, and both were quite certain that the appellant was the person they had seen on the ramp and described to the sheriff's department over the telephone. In view of their testimony, the brief interval between their opportunity to observe the appellant and the truck on the ramp and his appearance before them for identification, and the presence in this case of other circumstances weighing in favor of such a confrontation (in other words, considering the totality of the circumstances), we hold that the trial court did not err in denying the appel-

lant's motion to suppress the in-court identification testimony.

3. The appellant further contends that the trial court erred in failing to charge the jury on his sole defense of alibi. Notwithstanding that the appellant's sole defense was the alibi offered by him and corroborated by his wife, he did not request the court to charge on alibi. In cases " '[w]here the defense of alibi and the question of personal identity are virtually the same defense, the omission of the court to instruct separately on alibi is not error. . . .' [Cit.]" *Newby v. State*, 161 Ga. App. 805, 807 (3) (288 SE2d 889) (1982); *Cooper v. State*, 237 Ga. 288, 290 (2) (227 SE2d 745) (1976). The trial court in this case did charge the jury extensively on the issue of identity. The charge included a thorough discussion of the elements of the *Neil v. Biggers*, supra, test and the specific instruction that if the jury did not believe that the appellant had been sufficiently identified as the perpetrator of the offense, or if it had any other reasonable doubt that it must acquit. The court also alluded to the appellant's alibi by instructing the jury that the appellant need not prove that another person committed the offense charged. Inasmuch as we have held that the trial court did not err by allowing the in-court identification of the appellant and the jury entertained no reasonable doubt as to the appellant's identity as the perpetrator, we would be led to conclude that the omission of a specific charge on the appellant's sole defense of alibi was not error. However, when questioned by the court at the conclusion of its charge to the jury, the appellant neither objected to the charge nor reserved a right so to do at a later time. Having waived the alleged error, we affirm the conviction of the appellant on both counts of the indictment.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1992 —
RECONSIDERATION DENIED FEBRUARY 17, 1992 —

*Lavender & Lavender, Robert W. Lavender, Michelle C. Feinberg*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.