A93A1275. BURDETTE v. THE STATE.
(436 SE2d 502)

JOHNSON, Judge.

Benjamin Mark Burdette pled guilty to possession of less than one ounce of marijuana in violation of the Georgia Controlled Substances Act after the trial court denied his motion to suppress. The trial court expressly approved the reservation of this issue for review on appeal by written notation on the sentence form. See *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).

The following facts were introduced at the motion to suppress hearing. The police went to a Bennigan's restaurant after receiving complaints about activities in the parking lot involving a man named William Ridgeway. After taking Ridgeway into custody for possession of marijuana, they drove to his apartment to conduct a consent search. When they entered the parking lot of Ridgeway's apartment complex, Ridgeway pointed to Burdette, who was sitting in his car in the parking lot and identified him as the person from whom he had

purchased the marijuana. When Burdette saw the caravan of marked and unmarked police vehicles, he attempted to leave the parking lot. The police told him to stop and explained the reason for detaining him. The police asked for permission to search the car, which Burdette gave. The search resulted in the discovery of less than an ounce of marijuana.

Burdette argues that he was lawfully sitting in a parking lot when Ridgeway, who was not a known informer, and had no proven indicia of reliability, pointed him out to police. When Burdette attempted to drive out of the parking lot, he had not violated any traffic laws or done anything which would have justified a traffic-related stop. Ridgeway did not indicate to police that he had any reason to believe that Burdette had drugs in the car at that moment, or was scheduled to meet him to make a buy. Therefore, he argues, there was no articulable suspicion justifying an investigatory stop.

Burdette's argument that the information giving rise to the stop must come from a reliable informant is without merit. An inquiry into the indicia of reliability of the informant is appropriate when determining the presence or absence of probable cause but is inapplicable to evaluating information prompting a mere investigatory stop. *Watson v. State*, 159 Ga. App. 618, 619 (1) (284 SE2d 636) (1981). It is uncontroverted that Burdette was not violating any traffic laws and that it was solely the information from Ridgeway which prompted the police to conduct the investigatory stop. Burdette's third assertion, that the stop was unjustified because there was no evidence that Burdette was committing a crime or about to engage in criminal activity at the time of the stop, requires a more thorough analysis.

" 'Although an officer may conduct a brief investigative stop of a vehicle, see *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979), such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 1883, 20 LE2d 889, 909) (1968); *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). Investigative stops of vehicles are analogous to *Terry*-stops, *Terry*, supra, and are invalid if based upon only "unparticularlized suspicion or 'hunch,' " 392 U. S. at 27 (88 SC at 1183, 20 LE2d at 909).' *United States v. Smith*, 799 F2d 704, 707 (11th Cir. 1986). 'An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)' *United States v. Cortez*, 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981)." *Evans v. State*, 183 Ga. App. 436, 438 (2) (359 SE2d 174) (1987). The question pertinent to this case is whether information supplied to police by Ridgeway, i.e., that Burdette had previously sold him drugs, is sufficient to satisfy the test articulated in *Cortez*, supra, that a person subjected to an investiga-

tory stop is, or is about to be, engaged in criminal activity. The inquiry must focus on whether unconfirmed information regarding past activity can give rise to an articulable suspicion of present or future criminal activity sufficient to justify an investigative stop.

Ridgeway's identification of Burdette as the supplier of the marijuana, coupled with his presence outside Ridgeway's apartment, remove the police's actions beyond the realm of either the "unparticularlized suspicion or hunch" standard articulated in *Terry*, supra, or "mere caprice or arbitrary harassment." See *State v. Watson*, 205 Ga. App. 313, 314 (422 SE2d 202) (1992). These facts allow a reasonable inference to be drawn that Burdette may have been in the vicinity for reasons related to present or incipient drug activity. In interpreting the parameters of the Fourth Amendment, Georgia appellate courts have written: "It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention. . . . Each case depends on its own facts. The point at which the routine protection of the public becomes an invasion of the right of privacy of the individual must rest on the particular circumstances involved." (Citations and punctuation omitted.) *Roberts v. State*, 193 Ga. App. 96, 98-99 (386 SE2d 921) (1989). While it is clear that the police lacked probable cause for an arrest, in viewing the whole picture, there was sufficient information to justify an investigatory stop. See *Evans*, supra.

The trial court in this case made a finding that the grounds for the stop articulated by the police were reasonable. "On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous. The facts in this case do not dictate a departure from this general rule." (Citations and punctuation omitted.) *Watson v. State*, 190 Ga. App. 696 (379 SE2d 817) (1989).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 16, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993

*Lee Sexton & Associates, Lee Sexton,* for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.