A95A2323. LEDFORD v. THE STATE.
(469 SE2d 401)

ANDREWS, Judge.

Joseph Kane Ledford was convicted of violating the Georgia Controlled Substances Act (OCGA § 16-13-30). On appeal, Ledford seeks to overturn the court's denial of his motion to suppress.

When reviewing a trial court's ruling on a motion to suppress, evidence is construed by this Court most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (2) (394 SE2d 639) (1990). So viewed, the evidence showed that: on March 25, 1994, at about 10:00 p.m., the Riverdale police arranged with an individual (informant no. 1) to set up a marijuana deal for the next morning. The next morning, Riverdale police confronted an individual (informant no. 2) in possession of an ounce of marijuana. Informant no. 2 advised police that Ledford was involved in the sale and distribution of marijuana. From the police department, informant no. 2 called a pager number belonging to Ledford. When the page was returned, informant no. 2 asked the caller to deliver an ounce of marijuana to the Stop and Go located at the corner of Taylor Road and Highway 138. The caller stated that he would send two individuals to deliver the marijuana. The officers and informant no. 2 then proceeded to the Stop and Go and confronted two individuals who subsequently consented to a search revealing an ounce of marijuana. Informants nos. 3 and 4, previously unknown to the officers, claimed that they had just left Ledford at his house nearby and he had a pound or one and one-half pounds of marijuana in the trunk of his 1984 Ford Thunderbird. Informants nos. 3 and 4 then arranged for Ledford to meet them at the Stop and Go and instructed Ledford to bring the pound and a half of marijuana with him.

After transporting informants nos. 3 and 4 to jail, at about 5:00 p.m., the police set up a roadblock on Taylor Road about three-fourths of a mile from the Stop and Go, directly on Ledford's route. The stated purpose of the roadblock was to check licenses and insurance, and police stopped all cars. Compare *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979). Officer Knowles radioed Sergeant Dorner, who was working the roadblock, to watch specifically for Ledford, who was expected to be driving a dark-colored 1984 Ford Thunderbird. Dorner had transported one of the informants to jail just prior to establishing the roadblock.

After police stopped Ledford at about 5:25 p.m., Dorner detected the odor of alcohol and administered field sobriety tests. Ledford, then underage, admitted he had been drinking. Because Dorner thought that Ledford might be under the influence of drugs, he asked Ledford to consent to a search of his vehicle and Ledford repeatedly refused. Police read Ledford his *Miranda* rights but did not formally place him under arrest while they awaited the arrival of a K-9 unit, dispatched and en route before Ledford was stopped. Ledford was not permitted to leave and was forced to await the drug detection unit's arrival. The trial court determined that the length of Ledford's deten-

tion from the conclusion of the field sobriety tests to the arrival of the drug unit was about 12 minutes. At approximately 6:12 p.m., Agent Hudson arrived on the scene with a drug detection dog. After the K-9 dog indicated the presence of drugs in Ledford's vehicle's trunk and on the passenger side of the vehicle, police placed Ledford under arrest.

1. Ledford contends that the trial court erroneously denied his motion to suppress because the police lacked articulable suspicion to justify an investigatory stop of his vehicle.

An initial investigative stop requires that the arresting officer have only reasonable, articulable suspicion, not probable cause. *State v. Thomason*, 153 Ga. App. 345 (1) (265 SE2d 312) (1980). An officer may conduct a brief investigatory stop of a vehicle, if such stop is justified by specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. *Evans v. State*, 216 Ga. App. 21 (2) (453 SE2d 100) (1995); *Burdette v. State*, 210 Ga. App. 471 (436 SE2d 502) (1993) (holding reasonable inference of suspect's presence in an area for reasons related to present or incipient drug activity sufficient to justify investigative stop).

The police had the following information. Three informants had implicated Ledford as having a substantial amount of marijuana. Two informants described Ledford's vehicle and the location of the drugs inside the car. Two claimed that Ledford had dispatched them to the Stop and Go to effectuate a small marijuana sale. Ledford arrived at the traffic check point on the route the informants had predicted that he would travel. We find that the police had specific articulable facts sufficient to give rise to reasonable suspicion. *Evans*, 216 Ga. App. at 23.

2. Ledford contends that the motion to suppress was erroneously denied because the roadblock was established by police for pretextual purposes. Ledford claims there is no evidence that the police set up the roadblock for any other purpose other than to intercept him because they had knowledge that he would be driving northbound on Taylor Road. Ledford argues that he was singled out among other motorists based on uncorroborated information.

Pretermitting an analysis of whether the police created the roadblock to snare Ledford, we initially note, as discussed in Division 1, that the police had reasonable suspicion to stop Ledford, independent of any roadblock. However, having completed the license and insurance check as well as the field sobriety testing, the police did not permit Ledford to leave. The issue is whether it was reasonable to detain Ledford for about 12 minutes pending the arrival of the drug detection unit.

Relying on *VonLinsowe v. State*, 213 Ga. App. 619 (445 SE2d 371) (1994), Ledford contends his detention was illegal and he should

have been permitted to leave. We disagree. VonLinsowe's detention was premised on an anonymous tip of unknown reliability. Here, the brief seizure of Ledford was based on the following specific facts: 1) informant no. 2, arrested with a small amount of marijuana, claimed that Ledford was his source; 2) informant no. 2, after using what he maintained was Ledford's pager number, arranged another small marijuana sale to occur at the Stop and Go; 3) pursuant to the pager call allegedly to Ledford, informants nos. 3 and 4 appeared at the proper time and at the designated location for a sale of marijuana arranged by informant no. 2 and purportedly involving Ledford; 4) informants nos. 3 and 4 stated that Ledford had sent them to conduct the marijuana transaction (a fact supported by their appearance at the appointed time and place); 5) both informants nos. 3 and 4 claimed they had just observed a substantial amount of marijuana in Ledford's vehicle; 6) both informants described Ledford as a white male and stated he would be driving a dark-colored Ford Thunderbird in a northbound direction as he approached the Stop and Go; 7) the police knew that the person they were detaining was Ledford. The brief investigatory detention was not designed to be arbitrary or harassing. See *Foster v. State*, 208 Ga. App. 699 (1) (431 SE2d 400) (1993). Given the amount of corroborated and first-hand information the police possessed, we find the grounds for detaining Ledford for a relatively brief time and for a limited purpose were reasonable under the circumstances. See generally *United States v. Sharpe*, 470 U. S. 675, 686 (105 SC 1568, 84 LE2d 605) (1985) (detaining suspected drug dealer stopped for traffic violation and waiting 20 minutes for Drug Enforcement Agency agent was reasonable where articulable suspicion of drugs); *United States v. Place*, 462 U. S. 696, 709-710 (103 SC 2637, 77 LE2d 110) (1983) (holding 90-minute stop lacking probable cause disapproved); *Jackson v. State*, 191 Ga. App. 439 (382 SE2d 177) (1989) (holding two-hour detention neither brief nor momentary).

Having determined that there was an adequate basis for briefly detaining Ledford, independent of a roadblock, we need not address a tangential matter, the propriety of the roadblock itself. See *State v. McCloud*, 187 Ga. App. 580, 582 (370 SE2d 831) (1988) (ruling of trial court that traffic stop pretextual reversed); *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989) (setting forth factors for determining the objective reasonableness of a roadblock). Because Ledford has failed to show any error, the trial court properly denied his motion to suppress.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 20, 1996.

Stephen E. Boswell, for appellant.
Robert E. Keller, District Attorney, Per B. Normark, Assistant District Attorney, for appellee.