A97A0990. JONES v. THE STATE.
(487 SE2d 371)

Judge Harold R. Banke.

David Anthony Jones was convicted of two counts of armed robbery, one count of criminal attempt to commit robbery, and two counts of possession of a firearm during the commission of a felony. Following the denial of his motion for new trial, Jones enumerates nine errors.

On April 10, 1994, at closing time, three men robbed Larissa Sirotta, an employee of TCBY Yogurt ("TCBY"), at gunpoint. Sirotta identified Jones as the man who went behind the counter and grabbed the cash out of the register. Police tracked the robbers to a

nearby apartment complex, where they lost the trail.

Five nights later, the same three men targeted the same TCBY store, attempting another robbery. Employee Justin Cranford, who recognized the men, was instructed to leave the cash drawer open and step back. At this point, Sirotta inadvertently came up to the front of the store. Sirotta instantly remembered Jones from the April 10 armed robbery, and the men quickly left. Later that night, three men attempted to rob Donald Addington at gunpoint in a nearby parking lot. Their effort was thwarted when Addington escaped by driving away.

About an hour and a half later, the robbers encountered Matthew Jones, an executive chef at J. R.'s Log House, a nearby restaurant. Intercepting him in the parking lot, all three men blocked his path, and one man pointed a pistol at his head and ordered him to empty his pockets onto the top of a trash can. After the robbers counted the money and picked through his possessions, Jones pocketed the cash and a personal check.

Matthew Jones immediately contacted local law enforcement officials. Responding to a broadcast report, Officer J. P. Godfrey pulled into the entrance of the apartment complex where police had lost the trail a few days earlier, and spotted three men matching the robbers' description. Upon seeing the police, the men began to run and Godfrey gave chase. Jones was apprehended after he tripped and fell. During a search of the area, investigators discovered the two other men hiding and a discarded silver handgun which Matthew Jones identified as the firearm directed at him. Investigators found approximately $289 in cash and a personal check made payable to Matthew Jones in Jones' pocket. After waiving his *Miranda* rights, Jones denied being at the TCBY store on either occasion. Although Jones admitted being present when Matthew Jones was robbed, he told police that he was not involved. *Held*:

1. Jones contends that the trial court committed reversible error by failing to instruct the jury on alibi, coercion, and good character notwithstanding the fact that he neither objected to the charge as given nor reserved the right to later object.[1]

As to his alibi defense, Jones claimed he was at work during the first armed robbery at TCBY and at home alone during the second attempted robbery there.[2] Assuming that Jones' sole defense was alibi for the two TCBY robberies, under these facts that instruction

---

[1] An instruction on good character was never requested, and under these facts that issue is deemed waived. *Busbee v. State*, 205 Ga. App. 533, 534 (423 SE2d 3) (1992).

[2] Jones offered his employment record from Waffle House purportedly to prove he was at work at the time of the TCBY armed robbery. However, that exhibit is for a different week.

was not required. *Weathers v. State*, 202 Ga. App. 849, 852 (3) (415 SE2d 690) (1992). In cases where the defense of alibi and the question of identity are virtually the same defense, the omission by the court to instruct separately on alibi is not error. Id. Here, as in *Weathers*, the trial court charged the jury extensively on the issue of identity. The court thoroughly instructed the jury on the reliability of witness identification, level of certainty shown by a witness, and the influence on a witness of extraneous factors. The jury was further instructed that the defendant had no burden to show that another person committed the crime and that the State had the burden to prove identity beyond a reasonable doubt. See *Weathers*, 202 Ga. App. at 852 (3); OCGA § 16-3-40. See also *Busbee*, 205 Ga. App. 533, 534 (423 SE2d 3) (1992); *Sapp v. State*, 155 Ga. App. 485, 486 (2) (271 SE2d 19) (1980).

Jones also contends that his conviction for the armed robbery of Matthew Jones must be reversed because the trial court failed to charge coercion, his sole defense to that crime. *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). Jones' testimony that his co-defendant, Devon Borges, forced his participation by pointing a gun at him, giving him orders, and causing him to fear for his life entitled him to a charge on coercion, even absent a request and notwithstanding Matthew Jones' conflicting testimony and Jones' contradictory inculpatory statement to police. Where an affirmative defense is raised by the evidence, including a defendant's own statement, the trial court must present that defense to the jury as part of its charge, even absent a request and even absent a reservation of right to later object. *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543) (1994). Although the evidence of coercion was somewhat farfetched, the court could not arbitrarily reject it as unworthy of belief and fail to charge that defense. See *Owens v. State*, 173 Ga. App. 309, 313 (5) (326 SE2d 509) (1985). The jury was not informed that the State had the burden of proving the absence of the elements of an affirmative defense; nor was it instructed that if it believed that Jones had been coerced, it had to acquit him. *Nelson*, 213 Ga. App. at 644. We, therefore, reverse Jones' convictions as to Count 6, the armed robbery of Matthew Jones, and Count 7, possession of a firearm during the commission of that crime, and remand for a new trial as to these counts. See *Austin v. State*, 218 Ga. App. 90, 91 (2) (460 SE2d 310) (1995).

2. The trial court did not err by not declaring a mistrial after a State witness stated that one of Jones' co-defendants had already been convicted. Because the fact that his co-defendant, Borges, had been convicted was not inconsistent with Jones' defense of coercion, Jones cannot prove the requisite harm and error needed for reversal. *Durham v. State*, 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973).

3. The trial court properly denied Jones' motion for directed ver-

dict of acquittal as to Counts 2 and 7 (possession of a firearm during the commission of a felony). Jones contends that the form of the indictment for Counts 2 and 7 was fatally defective due to the failure to specify the underlying felony. However, Jones waived all exceptions to the mere form of the indictment by failing to urge them in a timely, written, pretrial special demurrer. *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993).

Assuming the issue was not waived, it lacks merit. Because only one armed robbery was committed on April 10, the facts alleged in Count 2 were sufficient to notify Jones of the armed robbery for which he was accused of possessing a firearm. See OCGA § 17-7-54. Although Jones was indicted for two separate armed robberies occurring on April 15, it is apparent that Counts 5 and 7 applied separately to each distinct armed robbery count and this information was sufficient to apprise Jones of the offenses for which he was charged. See *Morris v. State*, 166 Ga. App. 137, 139 (1) (303 SE2d 492) (1983).

4. The trial court was not obligated to declare a mistrial on its own motion when Officer Godfrey testified that a detective interviewing a co-defendant recommended that Godfrey search Jones' pockets. Such testimony was admissible to explain the investigator's conduct in searching Jones' pockets. OCGA § 24-3-2; *Moore v. State*, 155 Ga. App. 721, 722 (2) (272 SE2d 575) (1980). See *Thompson v. State*, 210 Ga. App. 655, 657 (2) (436 SE2d 799) (1993).

5. The trial court did not clearly err in denying Jones' motion to suppress his custodial statement. *Ledford v. State*, 220 Ga. App. 272, 273 (469 SE2d 401) (1996). During the *Jackson-Denno* hearing, Officer Bythewood and Jones presented contradictory testimony about when Jones received the *Miranda* warnings. Only Bythewood and Jones were present in the interview room. We cannot say that the trial court as factfinder and sole judge of witness credibility clearly erred in rejecting Jones' account. *State v. Wilson*, 220 Ga. App. 538, 539 (469 SE2d 804) (1996); *Ledford*, 220 Ga. App. at 273.

6. The prosecutor was entitled to read the indictment and to pose the statutory voir dire questions to the jury panels. *Davis v. State*, 189 Ga. App. 439 (2) (376 SE2d 230) (1988); see *Hicks v. State*, 232 Ga. 393, 399-400 (207 SE2d 30) (1974).

7. Jones contends that the trial court erred in denying his claim of ineffective assistance of counsel. In order to establish ineffectiveness under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Jones must show not only that his trial counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

In support of his ineffectiveness claim, Jones raises 13 purported failures of his trial counsel. Four issues were previously discussed in Divisions 1, 2, 4, and 6 above. Four other issues we decline to reach because these grounds differ from the ineffectiveness allegations raised below and are deemed waived. *Hayes v. State*, 262 Ga. 881, 882 (2) (426 SE2d 886) (1993). As to the remaining issues:

(a) Jones' contention that his trial counsel failed to investigate his case, especially as to alibi and good character witnesses, is not supported by the record. Counsel testified he met with Jones on numerous occasions, went to the crime scenes twice, and sat through most of Jones' co-defendant's trial to familiarize himself with the State's evidence and witnesses. Counsel explained that he was unable to subpoena any alibi or character witnesses because Jones never supplied him with the requisite information. The trial court's rejection of this contention was not clearly erroneous.

(b) Jones' claim that counsel failed to subpoena Anthony Riggins as an alibi witness is contradicted by his counsel's testimony that Jones failed to provide any complete information as to any witness.

(c) Jones contends that his convictions must be reversed because his counsel failed to request a poll of the jury. However, a poll of the jury for these convictions was not mandatory. *Coleman v. State*, 256 Ga. 306, 308 (2) (348 SE2d 632) (1986). Moreover, in light of the overwhelming evidence of guilt, the error, if any, was harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38) (1988).

(d) Jones' assertion that counsel failed to prepare him adequately for trial is not supported by the evidence. Counsel testified that he met with Jones, they met at the crime scene together once although Jones missed a scheduled second meeting there, and counsel advised Jones regarding various aspects of the trial.

(e) Jones failed to show how he was harmed by counsel's decision not to request a formal presentence investigation under OCGA § 17-10-2. At sentencing, counsel informed the court that Jones had no prior convictions or prior arrests and had no criminal history whatsoever. Counsel requested leniency and pointed out that Jones was only 17 at the time of the offenses and had subsequently completed high school and had gainful employment. Under these facts, we are unable to find any error. See OCGA § 17-10-2 (a).

The overwhelming evidence of Jones' guilt forecloses the requisite showing of prejudice, even assuming arguendo that trial counsel's performance was somehow deficient. *Trammel*, 265 Ga. at 156 (1). The trial court's finding that Jones was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

8. Having reviewed the evidence, we find that it was sufficient to sustain the convictions as to Counts 1, 2, and 3 within the meaning of

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-2-20 (b) (3); *Pryor v. State*, 179 Ga. App. 293 (1) (346 SE2d 104) (1986) (party to a crime equally culpable).

9. Based on the foregoing enumerations, the trial court erred in denying Jones' motion for new trial only as to Counts 6 and 7.

*Judgment affirmed as to Counts 1, 2, and 3; reversed only as to Counts 6 and 7, and remanded for new trial. Pope, P. J., and Johnson, J., concur.*

DECIDED MAY 13, 1997 —
RECONSIDERATION DENIED JUNE 2, 1997 — 

 Before Judge Stark.

*Phillip R. Peacock, John A. Pickens*, for appellant.

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.