## A98A2380. GINN v. THE STATE.
### (512 SE2d 338)

Judge Harold R. Banke.

After a bench trial, Kevin Ginn was found guilty of running a stop sign and two counts of violation of the Georgia Controlled Substances Act. Ginn received First Offender treatment. On appeal, Ginn's sole claim of error is the denial of his motion to suppress.

The underlying case arose after a City of Riverdale police officer observed the vehicle that Ginn was operating disregard a stop sign. The officer activated her lights and siren and attempted to stop Ginn, but Ginn continued driving for about two miles before finally coming to a halt. When the officer approached, Ginn appeared extremely nervous. Lacking any backup, the officer asked Ginn to step from the van to see his license and proof of insurance. The officer noticed that Ginn slurred his speech. When she asked for consent to search for weapons on his person, Ginn agreed. However, when she inquired whether he had any weapons or narcotics inside the van, Ginn hesitated then responded "no."

At this point, the officer decided to conduct a pat-down search for her personal safety. In one of Ginn's front pants pockets, she detected something hard and square. As she started to retrieve the object from inside the pocket, Ginn grabbed her hand to prevent her from doing so. The officer testified that for her own safety she wanted to determine what that object was. She testified that she suspected that it might be a razor. She retrieved a metal cigarette case. As she started to open the case, Ginn blurted out, "it's just crank." Inside the metal case was a bag containing a small white rock and a straw.

After Ginn was placed under arrest, police discovered a bag of marijuana and a second smaller bag containing marijuana inside a backpack. Ginn appeals the trial court's denial of his motion to suppress evidence of the contraband found on his person and in his vehicle. *Held*:

When reviewing a trial court's ruling on a motion to suppress, we must construe the evidence most favorably toward upholding the court's findings and judgment unless they are clearly erroneous. *Ledford v. State*, 220 Ga. App. 272, 273 (469 SE2d 401) (1996). Since the trial court sits as the trier of fact, its findings are analogous to a jury verdict. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

Once a defendant has been stopped for violating a traffic law, a police officer is entitled to execute a pat-down search for weapons. *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997). This pat-down search based on *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968) does not require consent. Id. Ginn's resistance and failure to fully cooperate with the pat-down process were

irrelevant. See *Hayes v. State*, 202 Ga. App. 204, 205-206 (414 SE2d 321) (1991). Having considered the evidence in the required manner, we cannot say that the denial of the motion to suppress was clearly erroneous. *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 12, 1999.

*Steven M. Frey*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.