## A05A0450. MAXEY v. THE STATE.
### (613 SE2d 236)

JOHNSON, Presiding Judge.

A jury found Derrick Maxey guilty of armed robbery, aggravated assault, two counts of kidnapping, two counts of possession of a firearm during the commission of a felony and felony fleeing or attempting to elude a police officer. In his sole enumeration of error on appeal, Maxey claims he received ineffective assistance of counsel because his trial counsel abandoned the coercion defense and failed to reserve objections to the court's jury charges. We find no error and affirm Maxey's convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Maxey and a co-defendant entered a convenience store armed with guns. Maxey took money from an employee while his co-defendant held another employee at gunpoint. Thereafter, both employees were forced at gunpoint to enter an office and required to

---

[5] *Lovelace v. State*, 241 Ga. App. 774, 776 (3) (b) (527 SE2d 878) (2000).

remain inside the office while Maxey and his co-defendant made their getaway. One of the employees exited the office, got the getaway car's tag number and called police to describe the car and tell them the direction the car was traveling. This employee also positively identified Maxey in a photographic lineup and at trial as one of the robbers.

Police began chasing the two men as they fled the scene in a car registered to Maxey. The driver of the car drove at high speeds and hit another vehicle during the pursuit. After entering a dead-end street, both men fled on foot. Maxey was able to elude apprehension until approximately one week later.

Initially, Maxey told officers that he had loaned his car to someone and had nothing to do with the crimes. Subsequently, Maxey told officers that he merely stood at the doorway of the store while his co-defendant robbed the store. According to Maxey, he did not know that his co-defendant intended to rob the store. Maxey identified himself as the driver of the car and admitted that he did flee from police. However, he claimed that his co-defendant pointed a gun at him and would not let him stop the car.

Maxey contends his trial counsel provided ineffective assistance by (1) abandoning the coercion defense except as to the felony fleeing and attempting to elude a police officer count, and (2) not objecting to the trial court's failure to charge the jury on coercion with respect to the armed robbery, kidnapping and aggravated assault counts. To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[1] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[2] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[3] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[4]

1. Trial counsel was not ineffective for failing to pursue a coercion defense as to the armed robbery, aggravated assault and kidnapping

---

[1] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[2] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[3] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[4] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

charges because Maxey testified at trial that he did not participate in the commission of those crimes. Under OCGA § 16-3-26, a justification defense of coercion is available to show that a criminal act is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury. In order to assert a statutory affirmative defense, such as coercion, the defendant must admit all of the elements of the crime except intent; evidence of coercion is then presented to justify, excuse or mitigate the crime by showing no criminal intent.[5] This affirmative defense requires that the defendant admit the crime before he can raise such a defense.[6]

Here, Maxey maintains that he did not participate in the armed robbery, aggravated assault or kidnapping. Although he claims he was not involved in the commission of the crimes, he contends that he was "coerced into driving the getaway car." However, his trial testimony belies this assertion. At trial, Maxey testified that as he was holding the door to the convenience store, his co-defendant entered the store with a gun and started yelling, "Robbery. Robbery." When an employee began to panic, Maxey tried to calm her, and then he "went and jumped in the car" because he knew he was "fixing to go." His co-defendant then ran out of the store and jumped into the car. Maxey does not testify about any coercion or threat by his co-defendant until the police are chasing the two men. At that point, Maxey claims he pulled over, but his co-defendant pointed the gun at him and told him to drive.

Maxey's trial counsel testified at the hearing on Maxey's motion for new trial that he believed a coercion defense would not be viable with respect to the armed robbery, kidnapping and aggravated assault counts. We agree. Maxey denied knowing about the crimes beforehand and denied participating in the crimes. In addition, there is no evidence that Maxey's co-defendant threatened him during the commission of the offenses or used threats to force him to drive the getaway car from the store. An attorney's decision about which defense to present is a question of trial strategy.[7]

Moreover, application of the defense of coercion requires evidence of a threat of immediate violence at the time of the commission of the forbidden act, not simply a threat of violence or danger in the future.[8] Even assuming solely for the sake of analysis that Maxey's version of events is true, there is no evidence supporting a coercion

---

[5] See *Hightower v. State*, 224 Ga. App. 703, 705 (2) (481 SE2d 867) (1997).

[6] Id.

[7] *Washington v. State*, 276 Ga. 655, 659 (3) (b) (581 SE2d 518) (2003).

[8] *Gordon v. State*, 234 Ga. App. 551, 552 (507 SE2d 269) (1998).

defense as to any count except the fleeing and attempting to elude a police officer count (and the court did charge the jury on coercion as to this count). The trial court did not err in finding that trial counsel rendered effective assistance of counsel in this regard.

2. Likewise, the trial court did not err in finding that trial counsel's failure to reserve an objection to the court's failure to charge on coercion regarding the armed robbery, kidnapping and aggravated assault counts was not ineffective assistance of counsel. The failure to make a meritless objection cannot be evidence of ineffective assistance of counsel.[9]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 13, 2005 — ▆▆▆▆▆▆▆▆▆▆

*Sexton & Morris, Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.

---

[9] See *Simpson v. State*, 277 Ga. 356, 358-359 (4) (a) (589 SE2d 90) (2003).