### A10A0663. CLAUSELL v. THE STATE.
(691 SE2d 312)

JOHNSON, Presiding Judge.

A jury found Nick Clausell guilty of aggravated assault with a deadly weapon, hijacking a motor vehicle, and armed robbery. On appeal, he contends the trial court erred in failing to charge the jury on coercion, and his trial counsel was ineffective for failing to request such a charge. We find no error and affirm Clausell's convictions.

Viewing the evidence in the light most favorable to the verdict, the evidence shows that the victim was carjacked and shot after pumping gas into his van at a gas station. The victim testified that as he entered his van, a man later identified as Leonard Young stood by the driver's door and pointed a gun at him. A second man, later identified as Clausell, entered the van through the passenger's door and pushed the victim out of the van. Clausell then moved to the driver's seat. The gunman, while pointing the gun at the victim, walked around the car and entered the van through the passenger side door. The gunman kept his gun pointed at the victim while the two men looked inside the van. When the victim lowered his arms,

---

the gunman shot him in the leg.

An off-duty police officer also pumping gas at the gas station noticed two men who did not appear to have their own vehicle loitering at the gas station. As he pumped his gas, he heard what he believed to be a gunshot. Approximately fifteen-to-thirty seconds later he saw a gold van drive from the side of the gas station and stop five-to-ten feet in front of his vehicle. The officer recognized the men as the same two he earlier saw loitering. He wrote down the tag number and observed a third man run past his vehicle and jump into the van. The officer drove around the corner of the gas station and saw the victim lying on the ground, bleeding.

The off-duty officer gave a nearby officer a description of the van, the tag number, its direction of travel, and a description of the occupants. This information was conveyed over the police radio. Within a minute or two, an officer spotted the van and began pursuing it. This officer identified Clausell in court as the driver of the van. Despite blue lights and sirens signaling the van to stop, the van did not stop. Instead, the doors of the van opened and the men jumped out as the van continued to roll. Clausell and Young were subsequently caught. The officer who caught Clausell identified him in court and testified that when Clausell was found "crawling through the woods," Clausell stated, "I didn't shoot him, I didn't shoot him, I was just in the car, I was just in the car." Police subsequently arrested Kelvin Canty, the man who jumped into the van after it had been taken and a co-defendant at trial.

Canty testified that he, Clausell, and Young were together when their car broke down near the gas station. According to Canty, Clausell and Young discussed going to the gas station to "get a car." Canty decided to walk to the bus stop while Clausell and Young walked to the gas station. Thirty minutes later, Canty heard a gunshot come from the direction of the gas station. He then saw Clausell and Young in a van and heard them shouting his name, so he jumped into the van. According to Canty, Clausell knew Young had a gun because he showed it to them earlier in the day. He also testified that Young never pointed his gun at either him or Clausell and never forced them to accompany him to the gas station.

1. Clausell contends the trial court erred in failing to give the jury an unrequested charge on his sole defense of coercion. We disagree. Although a trial court must charge the jury on a defendant's sole defense if the evidence supports the charge, even without a written request, a coercion charge was not supported in this case.[1]

OCGA § 16-3-26 provides that "[a] person is not guilty of a

---

[1] See *Thomas v. State*, 285 Ga. App. 290, 292 (1) (645 SE2d 713) (2007).

crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Here, Clausell did not testify at trial or at the hearing, and there was no other admissible evidence showing that Young threatened Clausell with violence or that Clausell feared Young.[2] In fact, the opposite is true. Clausell's co-defendant testified that Young never pointed a gun at him or Clausell, and that he decided to go to the bus stop instead of following Clausell and Young to the gas station to "get a car." In addition, the victim testified that Young's gun was constantly pointed at him. And, police officers testified that while Clausell told police that he was the driver who pushed the victim out of the car, he never stated to police that he acted under gunpoint.

Clausell argues that there was an evidentiary basis for a coercion instruction. He points to a letter he wrote to the victim claiming he was forced at gunpoint to participate in the incident and that this letter provides an evidentiary basis for his defense. However, the letter was never tendered by either party, was not admitted into evidence, and is not a part of the record on appeal. Furthermore, while the victim testified that Clausell claimed in a letter that he was forced to participate because a gun was being pointed at him, this testimony was "the self-serving statement of a defendant and was inadmissible hearsay without probative value; thus, a jury charge based on such statement was not warranted."[3]

The affirmative defense of coercion does not apply under the circumstances presented in this case.[4] Accordingly, the trial court was not required to give a sua sponte charge on coercion.

2. Clausell argues that his trial counsel was ineffective because he failed to request a jury charge on coercion. To succeed on this claim, Clausell must show that trial counsel's performance was deficient and that the deficiency prejudiced his defense to the extent that, absent counsel's error, a reasonable probability exists that the jury would have reached a different verdict.[5] In making this showing, Clausell must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional

---

[2] See id. at 293 (1).

[3] (Citation and punctuation omitted.) *Adame v. State*, 244 Ga. App. 257, 262 (4) (a) (534 SE2d 817) (2000).

[4] Compare *Jones v. State*, 226 Ga. App. 619, 621 (1) (487 SE2d 371) (1997) (defendant's testimony that his co-defendant forced his participation by pointing a gun at him, giving him orders, and causing him to fear for his life entitled him to a charge on coercion, even absent a request).

[5] See *Olarte v. State*, 273 Ga. App. 96, 97 (2) (614 SE2d 213) (2005).

conduct.[6] Clausell fails to meet this burden.

An attorney's decision concerning which defense to present is a question of trial strategy, and here, trial counsel decided to present a defense pointing out the legal insufficiency of Clausell's mere presence at the scene. Such a theory was consistent with Clausell's outcry upon arrest that he did not shoot the victim.

Moreover, as stated in Division 1, the defense of coercion requires evidence of a threat of immediate violence at the time of the commission of the forbidden act.[7] No such evidence was presented in this case. And, Clausell failed to take advantage of the many opportunities he had to walk away from the criminal enterprise. The failure to make a meritless objection cannot be evidence of ineffective assistance of counsel.[8] The trial court did not err in finding that trial counsel rendered effective assistance of counsel.

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2010.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.

---

[6] See *Maxey v. State*, 272 Ga. App. 800, 801 (613 SE2d 236) (2005).

[7] Id. at 802 (1).

[8] Id. at 803 (2).