## A10A1881. PHILLIPS v. THE STATE.
(705 SE2d 287)

MILLER, Chief Judge.

A Gwinnett County jury found Samuel Lavern Phillips guilty of trafficking in more than 400 grams of cocaine. OCGA § 16-13-31 (a) (1) (C). On appeal, Phillips contends that (i) the evidence was insufficient to support the jury's verdict and (ii) the trial court erred in refusing to give his requested charge on mistake of fact. We find Phillips's claims to be without merit and affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Phillips] no longer enjoys a presumption of innocence." (Citation, punctuation and footnote omitted.) *Boring v. State*, 303 Ga. App. 576, 577 (1) (694 SE2d 157) (2010). So viewed, the evidence shows that a confidential informant told a Gwinnett County police investigator that a Hispanic male known as Eduardo was interested in purchasing between one-and-a-half and two kilograms of cocaine. Acting on this information, the police assigned an undercover officer to pose as a drug dealer in a reverse sting operation. The officer, wearing a body wire, went to Eduardo's house with two kilograms of cocaine taken from the "drug safe" at police headquarters, and the informant introduced the officer to Eduardo.

There were several men sitting at the front of the house, and Eduardo called Phillips over from the group. Phillips asked if there was a problem, and after the officer responded that there was no problem, Phillips said "come on, lets do it." Phillips and the officer went to the officer's car where the officer showed Phillips the two kilograms of cocaine. Phillips told the officer to bring the drugs to the house, and the officer agreed to bring one kilogram inside.

When they got to the front door the officer realized that there were several people in the house and several more who were trying to enter, and he expressed concern for his safety. Phillips told everyone to leave the residence. The officer then entered the house with Phillips and Phillips's co-defendant, Marcus Moore, while Eduardo remained outside with the others. The brick of cocaine brought into the house contained 1,005.21 grams of 81.5 percent pure cocaine.

Once inside, Phillips directed Moore to get the money, and Phillips and the officer counted the currency as Moore, using a knife provided by Phillips, cut open the wrapping over the kilogram of cocaine, tasted the contents, and said "we [are] good." At or around this time, the police decided to bring in the "takedown" team.

After Phillips was arrested and informed of his *Miranda* rights he agreed to speak with a police officer. In his initial statements, Phillips claimed that he was at Eduardo's house in connection with Phillips's flooring business. Phillips changed his story when the police "reveal[ed]" the undercover officer. Phillips then claimed that he brought some people to the location "to handle business that they had to take care of"; that he was there to count the money; that he was to receive between $500 and $1,000 from the deal; and he acknowledged that he had suspicions that narcotics were involved.

1. In order to convict Phillips of trafficking in cocaine as alleged in the indictment the State was required to show that Phillips was in knowing possession of 400 grams or more of the drug. See OCGA § 16-13-31 (a) (1) (C). Phillips argues, among other things, that the evidence was insufficient to support the jury's verdict because the transaction took place at Eduardo's residence, the packaged cocaine was not visible as drugs, he never took possession of the package, he did not taste the drugs, and the evidence failed to show he contributed any money to the transaction. We disagree.

Contrary to Phillips's claims that the evidence was insufficient, the evidence showed that a package containing over 1,000 grams of cocaine was taken into the house at Phillips's request, the money was brought to the table at Phillips's direction, and the package was opened and tasted by Moore with a knife provided by Phillips, followed by Moore's pronouncement that "we [are] good." The jury could conclude that Phillips knew he was engaging in a transaction to buy drugs and that he had both the power and intent to control the cocaine that was brought into the house following presentation of the currency and testing of the product. "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004) (jury authorized to convict defendant for trafficking based on actual or constructive possession). Any rational trier of fact could find beyond a reasonable doubt that Phillips was guilty of trafficking in cocaine as alleged in the indictment. See *Cody v. State*, 222 Ga. App. 468 (474 SE2d 669) (1996) (possession of drugs transferred to co-defendant before the arrest in reverse sting operation). Compare *Epps v. State*, 251 Ga. App. 645, 647 (555 SE2d 25) (2001) (authorities arrested defendant before he could come into possession of drugs sold in the sting operation).

YALE LAW LIBRARY

2. Phillips claims that the trial court erred in refusing to give his requested charge on mistake of fact, as it was his only defense. We disagree.

As a rule, the trial court must charge the jury on an affirmative defense such as mistake of fact if the defense is raised by the evidence. See *Jones v. State*, 226 Ga. App. 619, 621 (1) (487 SE2d 371) (1997); *Arnold v. State*, 157 Ga. App. 714 (1) (278 SE2d 418) (1981) (trial court erred in not giving charge on mistake of fact when defendant testified that he entered the store with the intent to relieve himself, not to commit a robbery or theft therein). The trial court is not, however, required to charge the jury on mistake of fact if the charge is not authorized by the evidence, even if mistake of fact is the sole defense. See *Taylor v. State*, 293 Ga. App. 551, 555 (3) (667 SE2d 405) (2008).

In this case, Phillips, who did not testify at trial, relies on his out-of-court statement to police that he was at Eduardo's house in connection with Phillips's flooring business as the evidentiary basis for a charge on mistake of fact. But "it is well-settled that self-serving statements made by the accused, either before or after the commission of the alleged offense, are inadmissible hearsay." (Citation, punctuation and footnote omitted.) *Robinson v. State*, 246 Ga. App. 576, 581 (4) (541 SE2d 660) (2000) (trial court properly excluded defendant's self-serving statements to police). See *Nunez v. State*, 237 Ga. App. 808, 811 (4) (516 SE2d 357) (1999) (self-serving custodial statement inadmissible hearsay). Though admitted into evidence, Phillips's self-serving statement was without probative value and could not support a charge on mistake of fact. See *Jones v. State*, 271 Ga. 516, 517 (2) (520 SE2d 454) (1999) (hearsay is without probative value though admitted without objection and so no evidence supported a charge on self-defense notwithstanding the testimony as to defendant's out-of-court statement); *Clausell v. State*, 302 Ga. App. 472, 474 (1) (691 SE2d 312) (2010). Even if Phillips's statement is considered evidence that he had visited Eduardo's house to discuss flooring, the purpose of his visit would not excuse his subsequent participation in a drug transaction. See, e.g., *Dimas v. State*, 276 Ga. App. 245, 246 (3) (622 SE2d 914) (2005) (defendant's alleged mistake would not have justified his actions and no charge on mistake of fact was required). The trial court did not err in refusing to give the charge.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 13, 2010.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Nigel R. Lush, Assistant District Attorney*, for appellee.