A98A1606. GORDON v. THE STATE.
(507 SE2d 269)

Judge Harold R. Banke.

David E. Gordon was convicted of burglary, possession of a firearm during the commission of a crime, carrying a concealed weapon, possession of a firearm by a convicted felon, interference with government property and escape. Gordon was acquitted on the charge of possession of burglary tools.

When viewed in the light most favorable to the verdict, the evidence established the following facts. Gordon entered a Piggly Wiggly store near closing time and waited in a back restroom until the store closed. About 1:00 a.m., an assistant manager, Todd Sledge, was awakened by a hang-up phone call. Using caller id, Sledge discovered that the call originated from his own locked office. Gordon later admitted that he had placed the call because he wanted Sledge to let him out of the locked store. Sledge contacted police to meet him at the store. The responding officers intercepted Gordon still inside the store and holding a hammer. Upon searching Gordon, police found two screwdrivers and a fully loaded Titan .25 semi-automatic pistol in the pocket of his trousers. The officers also found five packs of Newport cigarettes and eight books of stamps in Gordon's jacket. Part of the ceiling of Sledge's office had been ripped out and a roll of quarters and some stamps were missing from a bank bag on Sledge's desk. Sledge identified the items seized as store property.

After Gordon was placed in handcuffs in the rear of a patrol vehicle, he managed to rip out the inside panel of a door and escape. About 30 minutes later, police recaptured Gordon a few blocks away, hiding inside a large doghouse in a residential backyard. Gordon was still in handcuffs.

The sole witness for the defense was Gordon who claimed that he committed the burglary because he needed to repay money he had lost. According to Gordon, in April or May of 1996, he had agreed to transport $50,000 in drug money to Alabama for someone. When he stopped for breakfast while en route, he left the $50,000 in his unlocked truck. Upon his return, the money was missing. Gordon claimed that the owner of the money had threatened to hurt his son and that the owner's friends dropped him off at the Piggly Wiggly. No witnesses corroborated Gordon's version of events. Gordon admitted that he removed a section of ceiling tiles because he "was fixing to try to get out." The trial court refused to give Gordon's requested instruc-

tion on coercion. *Held*:

In his sole enumeration of error, Gordon contends that the trial court erred in failing to charge on coercion and by prohibiting his counsel from arguing coercion to the jury.

Where any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted to the evidence or not reasonably raised or authorized by the evidence, denial of the charge request is proper. *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992). See *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404) (1989).

In this case, Gordon wanted the court to charge, "[a] person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the *only* way to prevent his *imminent death* or *great bodily injury*." (Emphasis supplied.) OCGA § 16-3-26. The fear of injury must be reasonable and the danger must not be one of future violence but of present and immediate violence at the time of the commission of the forbidden act. *Head v. State*, 191 Ga. App. 262 (1) (381 SE2d 519) (1989). Coercion is no defense if the person has any reasonable way, other than committing the crime, to escape the threat of harm. *Barnes v. State*, 178 Ga. App. 205, 206 (1) (342 SE2d 388) (1986). Unless the danger of present and immediate violence coincides with the commission of the forbidden act, a trial court may refuse to give a charge on coercion. *Holder v. State*, 194 Ga. App. 790, 794 (4) (391 SE2d 808) (1990).

Here, even assuming solely for the sake of analysis that Gordon's version of events is true, then Gordon was acting under no immediate threat of danger when he was alone inside a locked building with access to a functioning phone while the whereabouts of those who had allegedly posed a threat to him was unknown. In fact, Gordon conceded that nobody was outside the building with a gun. Since none of Gordon's evidence related to present and immediate violence toward him so as to justify his criminal conduct, and there was no showing of a reasonable fear of immediate violence, the trial court correctly declined to give the requested charge. *Slater v. State*, 185 Ga. App. 889, 890 (2) (366 SE2d 240) (1989).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 28, 1998.

*John F. McClellan, Jr.*, for appellant.

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.