## A06A1849. ORR v. THE STATE.
### (641 SE2d 613)

BERNES, Judge.

Jimmy Orr was convicted by a Hall County jury of statutory rape and sentenced by the trial court to five years probation under the First Offender Act, OCGA § 42-8-60 et seq. Orr appeals, contending that the trial court erred in denying his request to charge the jury on misdemeanor statutory rape and in imposing a felony sentence. We find no error and affirm.

> A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

OCGA § 16-6-3 (a). Viewed in the light most favorable to the verdict, *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence at trial shows that in January 2003, the 15-year-old victim helped Orr and her sister move into an apartment. Orr, who was not married to the victim, was the sister's boyfriend. At some point during the move, Orr and the victim were left alone in the apartment, during which time they engaged in sexual intercourse. As a result of the incident, the victim became pregnant and gave birth to her daughter on October 7, 2003. Orr consented to a DNA test, which revealed that there was a 99.9998 percent probability that Orr was the father of the victim's child. This evidence was sufficient to sustain Orr's conviction of statutory rape. See OCGA § 16-6-3 (a); *Byars v. State,* 198 Ga. App. 793 (1) (403 SE2d 82) (1991).

1. Orr contends that the trial court erred in denying his request to charge the jury on misdemeanor statutory rape. We disagree. A charge on misdemeanor statutory rape was not authorized by the evidence at trial.

Pursuant to OCGA § 16-6-3 (b) (1996), the sentencing provision applicable at the time of Orr's offense, statutory rape was punishable by "imprisonment for not less than one nor more than 20 years." If the

defendant was twenty-one years of age or older, the statutory minimum was raised to not less than ten years nor more than twenty years, and if the victim was "14 or 15 years of age and the person so convicted is *no more than three years* older than the victim," the crime was punishable as a misdemeanor. (Emphasis supplied.) OCGA § 16-6-3 (b).[1] The parties stipulated at trial that Orr's birthday was January 24, 1984 and the unrebutted evidence showed that the victim's birthday was November 27, 1987. Therefore, while the evidence at trial showed that at the time of the offense, the victim was fifteen years old and Orr, eighteen years, the evidence also showed that Orr is *three years and ten months* older than the victim.

Because Orr was more than three years older than the victim, a charge on misdemeanor statutory rape was not authorized. "A defendant is not entitled to a jury charge on legal issues which are irrelevant, not tailored to the evidence or factually inapplicable." (Citation omitted.) *Wicks v. State*, 278 Ga. 550, 553 (5) (604 SE2d 768) (2004). The trial court did not err in refusing to charge the jury on misdemeanor statutory rape.[2]

2. Orr further contends that the trial court erred in sentencing him for felony statutory rape. He argues that the indictment fails to specify whether he was charged with felony or misdemeanor statutory rape and that the issue should have been submitted to the jury. He further argues that since the issue was not so submitted, the trial court was compelled under the rule of lenity to impose misdemeanor punishment.[3] We disagree.

The indictment in pertinent part charges and accuses Orr with the offense of "STATUTORY RAPE" in that he "did unlawfully engage in sexual intercourse with [the victim], a person under the age of sixteen years, not his spouse." There is no allegation that Orr was 21 years or older, so as to enhance the statutory minimum sentence.

---

[1] The punishment provisions of OCGA § 16-6-3 were amended by Ga. L. 2006, p. 379, § 10/HB 1059.

[2] Orr's requested charge provided: "The Defendant is charged with Statutory Rape. In that regard[,] I charge you that the [s]tate must prove beyond a reasonable doubt that the alleged crime took place on or after January 24, 2003." The charge not only failed to fully articulate the relevant statutory provisions, it set forth an incorrect principle of law within the context of the case. See *Henry v. State*, 274 Ga. App. 139, 142 (3) (616 SE2d 883) (2005) ("The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations.") (punctuation and footnote omitted). The trial court was authorized to refuse the requested charge for these additional reasons. See *Register v. State*, 229 Ga. App. 648, 648-649 (494 SE2d 555) (1997).

[3] The rule of lenity provides that "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered." (Punctuation and footnote omitted.) *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).

Likewise, there is no allegation that the victim was fourteen or fifteen years of age and the defendant no more than three years older than the victim so as to reduce the offense to a misdemeanor. Because the indictment makes no mention of Orr's age, its allegations only set forth a charge of felony statutory rape, punishable by no less than one, but no more than twenty years imprisonment.[4] The jury was only charged as to this species of felony statutory rape and, thus, the jury's verdict must be reasonably construed as finding Orr guilty of statutory rape as charged. See *Browning v. State*, 31 Ga. App. 150, 152 (120 SE 649) (1923) ("Verdicts are to be . . . construed in the light of the pleadings, the issues made by the evidence, and the charge of the court.") (citation and punctuation omitted). Orr's sentence of five years probation fell within the statutory range for the offense. The trial court did not err in imposing felony punishment.

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 1, 2007.

*Daniel J. Sammons*, for appellant.

*Lee Darragh, District Attorney, Kelley M. Robertson, Assistant District Attorney*, for appellee.

---

[4] As we have previously stated, the evidence did not authorize a charge on the misdemeanor statutory rape.