A07A0880. ATTAWAY v. THE STATE.
(644 SE2d 919)

BLACKBURN, Presiding Judge.

Following a jury trial, Larry Allen Attaway was convicted of statutory rape.[1] He appeals his conviction, sentence, and the denial of his motion for new trial, arguing that the trial court erred in failing to adequately charge the jury regarding circumstantial evidence, and in sentencing him for felony statutory rape when the indictment alleged only the misdemeanor offense. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[2] the record shows that in early 2004, Attaway, who was 32 years old, moved into a home with his former girlfriend and her two children, including her 14-year-old daughter A. C. Attaway and A. C. became friends and began to spend a significant amount of time together socially. Shortly thereafter, Attaway confided to A. C. that he was attracted to her, and over the next few months, they maintained a relationship in which they had sexual intercourse approximately five or six times. During that time, Attaway and A. C. exchanged notes and letters, in which they discussed their relationship and affection for each other. The relationship ended after A. C.'s mother found one of Attaway's letters and reported him to the police.

Attaway was arrested and indicted on one count of statutory rape. At trial, A. C. recounted the details of her sexual relationship with Attaway. In addition, the State introduced into evidence a notebook containing the love notes that he and A. C. had written to each other, as well as a love letter written by Attaway and found by A. C.'s mother. At the trial's conclusion, Attaway was found guilty of statutory rape and received a 20-year sentence. He filed a motion for new trial, which was denied after a hearing. This appeal followed.

---

[1] OCGA § 16-6-3.
[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

1. Attaway contends that the trial court erred in failing to charge the jury regarding the law of circumstantial evidence under OCGA § 24-4-6. We disagree. That Code section provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The rule established by our Supreme Court in *Robinson v. State*[3] directs that "where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." Id. at 699. However, the request must be in writing. *Rainey v. State*.[4] See *Massey v. State*.[5]

Here, Attaway acknowledges that A. C. provided direct evidence supporting his conviction of statutory rape through her testimony that she and Attaway had engaged in sexual intercourse on five or six occasions. Nevertheless, he argues that the notebook containing love notes and the love letter, found by A. C.'s mother, constituted circumstantial evidence, and thus the court was required to charge the jury on the law of circumstantial evidence under OCGA § 24-4-6. Although Attaway made a general oral request that the court charge the jury on circumstantial evidence, he did not make a written request that the jury be charged on the law under OCGA § 24-4-6. Pretermitting the issue of whether the notebook and letters constituted only circumstantial evidence, Attaway's failure to make a written request for the OCGA § 24-4-6 charge is dispositive. *Rainey*, supra, 216 Ga. App. at 558 (1). See *Moses v. State*;[6] *Williams v. State*.[7] Accordingly, the trial court did not err in failing to charge the jury on the law of circumstantial evidence under OCGA § 24-4-6.

2. Attaway also contends that the trial court erred in sentencing him for felony statutory rape. Specifically, Attaway argues that statutory rape is a misdemeanor offense except when the victim is under 14 years old, the defendant is over 21 years old, or more than three years separates the age of the defendant and a 14-year-old or 15-year-old victim. He further argues that because the indictment did not allege any of these "exceptions," it was error to sentence him for a conviction of felony statutory rape. This contention is without merit.

"Under [former] OCGA § 16-6-3 (a), a person commits the offense of *felony* statutory rape 'when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse.' "

---

[3] *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991).

[4] *Rainey v. State*, 216 Ga. App. 557, 558 (1) (455 SE2d 73) (1995).

[5] *Massey v. State*, 270 Ga. 76, 77 (2) (a) (508 SE2d 149) (1998).

[6] *Moses v. State*, 265 Ga. App. 203, 208-209 (3) (a) (593 SE2d 372) (2004).

[7] *Williams v. State*, 236 Ga. App. 351, 356 (3) (511 SE2d 910) (1999).

(Emphasis supplied.) *Dixon v. State.*[8] Former OCGA § 16-6-3 (b),[9] the sentencing provision of the statute, provided that

> statutory rape shall be punished by imprisonment for not less than one nor more than 20 years; provided, however, that if the person so convicted is 21 years of age or older, such person shall be punished by imprisonment for not less than ten nor more than 20 years; provided, further, that if the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim, such person shall be guilty of a misdemeanor.

In this matter, the indictment charges and accuses Attaway "with the offense of Statutory Rape (OCGA § 16-6-3)," in that Attaway engaged "in sexual intercourse with [A. C.], a person under the age of 16 years, not his spouse. . . ." Additionally, there is no dispute that the State proved that A. C. was under the age of 16 years and was not Attaway's spouse at the time they engaged in sexual intercourse. Because the indictment adequately set forth a charge of felony statutory rape and because the evidence at trial showed Attaway to be over 21 years old and that he was more than three years older than A. C., the trial court was not required to sentence Attaway for misdemeanor statutory rape, and in fact, was precluded from doing so.[10] See *Dixon*, supra, 278 Ga. at 5-6 (1) (a); *Orr v. State.*[11] Accordingly, the trial court did not err in sentencing Attaway for felony statutory rape.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 10, 2007.

*Donna A. Seagraves*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[8] *Dixon v. State*, 278 Ga. 4, 5 (1) (596 SE2d 147) (2004).

[9] OCGA § 16-6-3 was amended in 2006; however, that amendment, which became effective July 1, 2006, merely separated the language defining misdemeanor statutory rape and its punishment from former subsection (b) and placed that language into new subsection (c). See Ga. L. 2006, p. 379, § 10/HB 1059.

[10] We further note that Attaway's sentence was enhanced by the State's introduction of prior convictions in aggravation.

[11] *Orr v. State*, 283 Ga. App. 372, 374 (2) (641 SE2d 613) (2007).