A08A1429. KOLAR v. THE STATE.
(665 SE2d 719)

BLACKBURN, Presiding Judge.

Following a jury trial, Phillip Monroe Kolar appeals his conviction on one count of child molestation,[1] challenging the sufficiency of the evidence and arguing on constitutional grounds that the court should have sentenced him as a misdemeanant only. Discerning no error, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the evidence shows that one night during late December 2005 or early January 2006, a ten-year-old girl who was

---

[1] OCGA § 16-6-4 (a).
[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

close friends with Kolar's eleven-year-old daughter spent the night with the daughter at the Kolar residence. The girls retired at around 1:00 a.m. and went to sleep in the daughter's room, with the ten-year-old guest sleeping on top of a sleeping bag and under a blanket at the foot of the daughter's bed. While the girls were asleep, Kolar entered the bedroom in the middle of the night, lay down behind and woke the ten-year-old guest (who was lying on her side), and began rubbing the young girl's back on top of her pajamas. His hand then went under her pajama top and continued rubbing, eventually starting to go down her pajama pants. Kolar then reached around the girl and, pulling up her pajama top, began rubbing her stomach area on the flesh. His hand descended to her pajama pants, going under her waistband and toward her private area. The girl demanded he stop, whereupon Kolar arose and left the room, saying he was sorry and would never do such again.

When the girl returned home the next morning, she immediately informed her mother of the incident, which led to a videotaped interview with police and to Kolar's arrest. Indicted on two counts of child molestation (rubbing her back and her stomach), Kolar was found guilty on the count alleging that he committed an immoral and indecent act by rubbing the girl's stomach with the intent of sexually arousing himself. On appeal, he argues that rubbing a stomach area cannot serve as the basis for a conviction for child molestation.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Kolar argues that the State failed to prove that he engaged in any "immoral or indecent" act within the meaning of the statute because he only touched the girl's stomach area. We disagree.

> Immoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive and acts which offend against the public's sense of propriety. . . . Georgia law against child molestation affords protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply assaultive in nature.

(Citation and punctuation omitted.) *Wormley v. State*.[4]

The evidence and circumstances in the case at bar support the jury's finding that Kolar's actions were "immoral or indecent" within the meaning of OCGA § 16-6-4 (a). During the middle of the

---

[4] *Wormley v. State*, 255 Ga. App. 347, 348 (565 SE2d 530) (2002).

night, Kolar entered the young girls' bedroom, lay down beside and behind the ten-year-old victim, rubbed her back until his hand went down her pants, pulled up her pajama top, rubbed her stomach area until his hand went under her waistband and began toward her private area, and only stopped when the victim demanded he do so, at which time he acknowledged the wrongfulness of his actions. A jury could find such actions to be immoral and indecent and done by Kolar with the intent to sexually arouse himself. See *Chapman v. State*[5] (entering child's bedroom in middle of night, locking the bedroom door, and pulling up child's pajama top sustained child molestation conviction). See also *Wormley*, supra, 255 Ga. App. at 347-348 (touching girls' thighs, backs, and knees constituted child molestation).

2. Over Kolar's objection that he could only be sentenced for a misdemeanor, the judge sentenced him to fifteen years (five to serve) under OCGA § 16-6-4 (b) (1). Kolar argues that the judge could only sentence him to a misdemeanor sentence, since the State did not allege nor prove the *absence* of the mitigating circumstances set forth in OCGA § 16-6-4 (b) (2), which reduce the punishment to a misdemeanor. Essentially, Kolar is claiming that the offense of child molestation is a misdemeanor *unless* the State alleges and proves to the jury beyond a reasonable doubt that the circumstances set forth in OCGA § 16-6-4 (b) (2) do *not* apply. We disagree.

The premise of Kolar's argument is that the United States Supreme Court in a series of cases has held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*.[6] The concept is that a defendant's Sixth Amendment right to a jury trial entitles him to have the jury find (beyond a reasonable doubt) all essential elements of a crime as well as any facts that increase his punishment for the crime. See id. ("[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt") (punctuation omitted). See *Blakely v. Washington*[7] (finding of "deliberate cruelty," which increases statutory maximum for crime of kidnapping, must be found by jury); *Ring v. Arizona*[8] (jury, not judge, must find

---

[5] *Chapman v. State*, 170 Ga. App. 779, 780 (1) (318 SE2d 213) (1984).

[6] *Apprendi v. New Jersey*, 530 U. S. 466, 490 (IV) (120 SC 2348, 147 LE2d 435) (2000).

[7] *Blakely v. Washington*, 542 U. S. 296, 303-304 (II) (124 SC 2531, 159 LE2d 403) (2004).

[8] *Ring v. Arizona*, 536 U. S. 584, 609 (II) (122 SC 2428, 153 LE2d 556) (2002).

aggravating circumstance necessary for imposition of death penalty); *Jones v. United States*[9] (federal carjacking statute, which provided a 15-year maximum sentence for carjacking and which increased the maximum to 25 years if serious bodily injury resulted and to life imprisonment if death resulted, in effect established three separate crimes; jury had to find the additional elements of serious bodily injury or death before the sentence maximum could be increased).

The focus of these cases is that a jury must find those facts which *increase* the punishment for a crime; they do not suggest that the jury must find those mitigating facts which *decrease* the punishment for a crime. To the contrary, the seminal case of *Apprendi* carefully noted the distinction "between facts in aggravation of punishment and facts in mitigation." Id., 530 U. S. at 490, n. 16. *Apprendi* explained:

> If facts found by a jury support a guilty verdict of murder, the judge is authorized by that jury verdict to sentence the defendant to the maximum sentence provided by the murder statute. If the defendant can escape the statutory maximum by showing, for example, that he is a war veteran, then a judge that finds the fact of veteran status is neither exposing the defendant to a deprivation of liberty greater than that authorized by the verdict according to statute, nor is the judge imposing upon the defendant a greater stigma than that accompanying the jury verdict alone. Core concerns animating the jury and burden-of-proof requirements are thus absent from such a scheme.

(Citation omitted.) Id. See *Ring*, supra, 536 U. S. at 597, n. 4. The dissent in *Blakely* focused on this distinction, observing that

> [j]udges would be able to depart *downward* from presumptive sentences upon finding that mitigating factors were present, but would not be able to depart *upward* unless the prosecutor charged the aggravating fact to a jury and proved it beyond a reasonable doubt.

(Emphasis in original.) Id., 542 U. S. at 333 (Breyer, J., dissenting).

Based on this distinction, the United States Court of Appeals for the Fifth Circuit decided a case in which the State of Texas proved to a jury (beyond a reasonable doubt) every finding prerequisite to exposing the defendant to the maximum penalty of death. *Granados*

---

[9] *Jones v. United States*, 526 U. S. 227, 251-252 (III) (119 SC 1215, 143 LE2d 311) (1999).

*v. Quarterman*.[10] Citing *Apprendi* and *Ring*, the court held there was no constitutional violation where the jury was not also asked to find an absence of mitigating circumstances. Id. "[A] finding of mitigating circumstances reduces a sentence from death, rather than increasing it to death." Id. at 537 (IV).

Based on this legal framework, we consider the Georgia statute at issue. OCGA § 16-6-4 provides in part:

> (a) A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

> (b) (1) Except as provided in paragraph (2) of this subsection, a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years. . . . Except as provided in paragraph (2) of this subsection, upon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years or by imprisonment for life. . . .

> (2) If the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor. . . .

The question before us is whether the factors set forth in OCGA § 16-6-4 (b) (2) are mitigating factors that decrease the felony punishment for the crime of child molestation to misdemeanor punishment, or whether they are defining factors that describe the baseline crime of child molestation as a misdemeanor which can be increased to a felony only if the State shows that the factors are absent. If these are merely mitigating factors that decrease punishment, then there is no constitutional requirement that their presence or absence be found by the jury. If they are defining factors that describe the baseline crime of child molestation as a misdemeanor, then the State must prove their absence to a jury before seeking a felony conviction.

In interpreting the statute to make this determination, we follow the cardinal rule in statutory construction, which

---

[10] *Granados v. Quarterman*, 455 F3d 529, 536 (IV) (5th Cir. 2006), cert denied, 549 U. S. 1081 (127 SC 732, 166 LE2d 568) (2006).

is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose. Although the legislative intent prevails over the literal import of words, where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.

(Citations and punctuation omitted.) *Hollowell v. Jove*.[11]

The language here is plain. Subsection (a) of the statute defines the crime of child molestation as doing any immoral or indecent act to (or in the presence of or with) any child under 16 with the intent to arouse or satisfy the sexual desires of either the child or the person. How much younger than 16 the child is, and what age the defendant is, are irrelevant facts. Once the State has proven these elements to a jury beyond a reasonable doubt, the crime of child molestation is established, and the defendant may be punished accordingly.

Subsection (b) then sets forth the punishment. Paragraph (1) of subsection (b) sets forth the baseline punishment as not less than five nor more than twenty years for a first offense, with greater punishment available for second or subsequent convictions. However, these felony punishments are both subject to the exception set forth in paragraph (2). The exception provided in paragraph (2) sets forth facts which will decrease the punishment to that of a misdemeanor if the victim is at least fourteen years old and "the person *convicted of child molestation*" (showing that this subsection is describing a sentencing factor, not an element of the crime) is eighteen years of age or younger (and is no more than four years older than the victim). (Emphasis supplied.) OCGA § 16-6-4 (b) (2).

Thus, the factors set forth in paragraph (2) describe an *exception* to the baseline felony punishment and *mitigate or decrease* that punishment to the lower level of a misdemeanor if these facts are found during the sentencing hearing. In *United States v. Eddy*,[12] the United States Court of Appeals for the Tenth Circuit interpreted a similarly-worded federal drug statute (21 USC § 841 (b)), which provided for felony punishment of the offense of drug distribution but then allowed the following exception: "Notwithstanding para-

---

[11] *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).
[12] *United States v. Eddy*, 523 F3d 1268 (10th Cir. 2008).

graph (1) (D) of this subsection [describing the felony punishment], any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as [a misdemeanant]." 21 USC § 841 (b) (4). The Tenth Circuit found that the language "[n]otwithstanding paragraph (1) (D) of this subsection" indicated that this was "an exception to the penalty otherwise applicable" and that "for *Apprendi* purposes," the baseline or default punishment was the felony punishment described in 21 USC § 841 (b) (1) (D), whereas 21 USC § 841 (b) (4) was simply "a mitigating exception" that could reduce the punishment to that of a misdemeanor. *Eddy*, supra, 523 F3d at 1271.

Here, the language "[e]xcept as provided in paragraph (2) of this subsection" similarly indicates that the misdemeanor punishment of paragraph (2) was an exception to the baseline or default felony punishment set forth in paragraph (1). OCGA § 16-6-4 (b). As the court in *Eddy*, we hold that paragraph (2) is simply a mitigating exception that can reduce the punishment to a misdemeanor.

Two Georgia cases support·this analysis. In *Orr v. State*,[13] the defendant claimed that the trial court erred in sentencing him for felony statutory rape under OCGA § 16-6-3. Similar to Kolar here, the defendant argued that the indictment failed to specify whether he was charged with felony or misdemeanor statutory rape, that the issue should have been submitted to the jury, and that since the issue was not so submitted, the trial court could only impose misdemeanor punishment. Id. We disagreed, holding that the indictment's silence as to the defendant's age (which could have led to a misdemeanor punishment if the victim was fourteen or fifteen years of age and the defendant was no more than three years older — see OCGA § 16-6-3 (c)) simply "set forth a charge of felony statutory rape" when it charged him with having sexual intercourse with a person under the age of sixteen (not his spouse). Id. at 373-374 (2). We found no error in the court's sentencing him as a felon under the statute, which, similar to the statute at issue here, provided for felony punishment "except as provided" in the subsection of the statute describing what facts could mitigate the punishment to a misdemeanor. Compare OCGA § 16-6-3 (b) with OCGA § 16-6-4 (b) (1). We held similarly in *Attaway v. State*.[14] Thus, these two cases demonstrate that just as the baseline or default punishment in the nearby and similarly-worded statutory rape statute is the prescribed felony punishment, so is the baseline or default punishment set forth in the child molestation statute the prescribed felony punishment.

[13] *Orr v. State*, 283 Ga. App. 372, 373 (2) (641 SE2d 613) (2007).
[14] *Attaway v. State*, 284 Ga. App. 855, 856-857 (2) (644 SE2d 919) (2007).

Finally, even if there were a constitutional error here under *Apprendi* and related cases, that error would be harmless. Citing *Apprendi*, the United States Supreme Court held in *Washington v. Recuenco*[15] that failure to submit an enhancing sentencing factor to a jury is not a structural error and can be harmless. The test for determining whether a constitutional error is harmless is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (Punctuation omitted.) *Neder v. United States*.[16] Specifically, when a defendant claims that the jury did not consider an essential element of the crime, a reviewing court may find the error harmless where it concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence. Id. at 17 (III) (B).

Here, Kolar essentially claims that only misdemeanor punishment was available where the jury simply found that the victim was under 16 and made no additional finding that the victim was 13 or younger. However, three witnesses testified that the victim was only ten years of age at the time of the molestation, which was not contested by Kolar. Indeed, in his appellate brief, Kolar readily concedes that the undisputed evidence showed the victim was only ten at the time of the incident. Because this uncontroverted evidence shows indisputably that the misdemeanor factors of OCGA § 16-6-4 (b) (2) did not apply, and because the judge in the sentencing hearing found beyond reasonable doubt that the victim was ten years old and that the age exceptions of OCGA § 16-6-4 (b) (2) did not apply, we hold that any alleged constitutional error in failing to have the jury consider this matter would have been harmless in any case.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 9, 2008 —

*Scott J. Forster*, for appellant.
*T. Joseph Campbell, District Attorney, Stewart D. Bratcher, Assistant District Attorney*, for appellee.

---

[15] *Washington v. Recuenco*, 548 U. S. 212, 218-222 (III) (126 SC 2546, 165 LE2d 466) (2006).

[16] *Neder v. United States*, 527 U. S. 1, 15 (II) (B) (119 SC 1827, 144 LE2d 35) (1999).