## A10A1490. RODRIGUEZ v. THE STATE.
### (702 SE2d 10)

MILLER, Chief Judge.

A Clayton County jury found Anaxi Rodriguez guilty of statutory rape (OCGA § 16-6-3 (a)). On appeal, Rodriguez claims that the trial court erred in (i) refusing to charge the affirmative defense of coercion, and (ii) sentencing him for a felony where the indictment failed to designate the statutory rape count as a felony. We disagree and affirm because there was no evidence from which the jury could conclude that Rodriguez performed the act of intercourse under threat of immediate violence and because the indictment was sufficient to charge Rodriguez with felony statutory rape.

Viewed in a light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the

evidence shows that 18-year-old Rodriguez climbed through the bedroom window of his 12-year-old cousin, who was not his wife. They had sexual intercourse. Afterwards, the victim's mother knocked on the door. Rodriguez hid in the closet. The victim's parents discovered him and called the police.

1. Rodriguez claims that the trial court erred in refusing his request to charge the jury on the affirmative defense of coercion. We disagree. "Where an affirmative defense is raised by the evidence, including a defendant's own statement, the trial court must present that defense to the jury as part of its charge[.]" (Citation omitted.) *Jones v. State*, 226 Ga. App. 619, 621 (1) (487 SE2d 371) (1997).

Rodriguez testified at trial and admitted to having sexual intercourse with the victim, but he maintained that the victim forced him into the act. According to Rodriguez, the victim told him that if he did not have sex with her she would tell her father they were having sex, in which case her father "was going to do something bad to [Rodriguez]." Fearing that the victim's father would kill him, Rodriguez had sex with the victim. The victim's father was at home that evening.

Coercion is a defense to criminal conduct, apart from murder, "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." OCGA § 16-3-26. The danger must be of present and immediate violence at the time of the commission of the forbidden act, and not a danger of future violence. See *Holder v. State*, 194 Ga. App. 790, 794 (4) (391 SE2d 808) (1990).

Here, assuming Rodriguez's testimony to be true, the victim's threat contemplated future violence — she would tell her daddy and *then* bad things would happen. Rodriguez was not forced to have sex with the victim under a threat of *present* and *immediate* harm, notwithstanding the presence of the father elsewhere in the apartment. Compare *Mathis v. State*, 299 Ga. App. 831, 842-843 (5) (684 SE2d 6) (2009) (defendant testified that he participated in a bank robbery because a co-defendant pointed a gun at him and threatened to shoot him); *Jones*, supra, 226 Ga. App. at 620-621 (1) (defendant testified that co-defendant forced his participation in the armed robbery by pointing a gun at him and giving orders). Furthermore, "[c]oercion is no defense if the person has any reasonable way, other than committing the crime, to escape the threat of harm." (Citation omitted.) *Gordon v. State*, 234 Ga. App. 551, 552 (507 SE2d 269) (1998). The victim, a 12-year-old child, could not have stopped Rodriguez from simply leaving. As there was no evidence to support the defense, the trial court did not err in refusing to charge the jury

on coercion. See *Holder*, supra, 194 Ga. App. at 794 (4); *Gordon*, supra, 234 Ga. App. at 552.

2. Rodriguez contends that the trial court erroneously sentenced him for felony statutory rape because the indictment did not specifically designate that he was charged with a felony. Specifically, he points to OCGA § 16-6-3 (c), which provides that "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor." Rodriguez argues that since the indictment did not allege the victim to be under the age of 14 or specify that the count was for a felony or a misdemeanor, that the trial court was limited to sentencing him for a misdemeanor. Again, we disagree.

The indictment accused Rodriguez of engaging "in sexual intercourse with [the victim], a person under the age of 16 years, not his spouse." See OCGA § 16-6-3 (a). This was sufficient to apprise Rodriguez he was being charged with felony statutory rape. *Orr v. State*, 283 Ga. App. 372, 373-374 (2) (641 SE2d 613) (2007) (where indictment did not mention defendant's age or assert that the victim was 14 or 15 years of age, its allegations only set forth a charge of felony statutory rape). OCGA § 16-6-3 (c) may mitigate the punishment to a misdemeanor, but that provision did not apply here. The evidence at trial showed the victim to be under 14 at the time of the act, and "the trial court was not required to sentence [Rodriguez] for misdemeanor statutory rape, and in fact, was precluded from doing so." *Attaway v. State*, 284 Ga. App. 855, 857 (2) (644 SE2d 919) (2007).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 22, 2010.

*Walter M. Chapman*, for appellant.
*Tracy Graham-Lawson, District Attorney, Sheryl D. Freeman, Assistant District Attorney*, for appellee.