**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 10, 2014**

# In the Court of Appeals of Georgia

A14A1098. ALGREN v. THE STATE.

DILLARD, Judge.

Todd Algren was charged in one indictment with one count of statutory rape and was charged in a second indictment, pertaining to a separate victim, with two counts of child molestation. Following a joinder of the indictments and a consolidated trial, the jury found him guilty on the statutory-rape charge and not guilty on the child-molestation charges. Algren appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred in joining the two indictments for trial, failing to charge the jury as to similar-transaction evidence, improperly charging the jury that a child under the age of 16 years cannot consent to sexual intercourse, and sentencing him for felony statutory rape. For the reasons set forth *infra*, we affirm Algren's conviction.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that S. H. and her older brother had lived with their aunt and uncle since 2005. In June 2008, S. H.'s aunt and uncle, who were both avid scuba divers, planned a diving vacation to the Florida Keys. Consequently, they registered then 14-year-old S. H. and her 16-year-old brother for scuba diving lessons with Algren, who was a certified diving instructor and operated a local dive shop. On the morning of June 29, having completed most of their certification requirements over the course of the previous week, S. H. and her brother met Algren at a coffee shop and then went to a nearby swimming pool for some additional training.

Some time around noon, S. H., her brother, and Algren returned to the dive shop to unload their gear and other equipment, and after doing so, S. H.'s brother offered to go pick up some fast-food for lunch. A few minutes after her brother left the shop, S. H. and Algren, who had been flirting with each other for a couple of days via text messages and phone calls, began kissing. They then went to a room at the back of the dive shop, at which point Algren removed S. H.'s shorts and her bathing suit and had sexual intercourse with her. Subsequently, S. H. and Algren put their

---

[1] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

2

clothes back on, and returned to the front part of the dive shop just as S. H.'s brother returned from picking up their lunch.

A few days thereafter, Algren called S. H. at her home to discuss scheduling a time for her to fulfill one of the swimming requirements that she had yet to meet. And during this conversation, S. H. and Algren continued flirting and discussed their sexual liaison. Algren also asked S. H. if she wanted to have sex again and inquired as to whether there was any chance she could be pregnant, given the fact that they did not use protection during their first encounter. But while S. H. and Algren were talking, S. H.'s uncle, who was suspicious that S. H. was dating a former classmate despite being forbidden to do so, quietly picked up another phone in the house, heard nearly the entire conversation, and realized that S. H. was speaking with Algren.

Not long after S. H. and Algren ended their phone call, S. H.'s aunt and uncle confronted her regarding the conversation that her uncle overheard. Initially, S. H. denied that anything inappropriate occurred, but she eventually admitted that she and Algren had sexual intercourse. That same day, S. H.'s aunt and uncle reported the incident to local law enforcement, who then scheduled a forensic interview for S. H. and began an investigation into S. H.'s allegation against Algren.

While the investigation of S. H.'s statutory-rape allegation was pending, Algren was living with his girlfriend and her two young children. And on April 29, 2010, approximately a year and a half after S. H.'s allegation, K. R., the nine-year-old daughter of Algren's girlfriend, informed a counselor at her elementary school that one night, during the summer of 2009, Algren came into her bedroom and touched her breasts and privates. The counselor contacted K. R.'s mother and reported the child's outcry to DFCS and law enforcement, which then began a second investigation of Algren.

Subsequently, Algren was charged, via indictment, with one count of statutory rape, alleging that he engaged in sexual intercourse with S. H. And in a second indictment, he was charged with two counts of child molestation, alleging that he touched K. R.'s breasts and privates. Prior to trial, the State moved to join the two indictments and try all three charges simultaneously. Algren opposed joinder, but following a hearing on the issue, the trial court granted the State's motion and joined the indictments for trial.

The case was then tried and concluded with the jury finding Algren guilty on the statutory-rape charge but not guilty on the two child-molestation charges. Following a sentencing hearing, the trial court imposed a sentence of 20 years upon

4

Algren with ten years to serve in confinement. Subsequently, Algren obtained new counsel and filed a motion for new trial, which the trial court denied. This appeal follows.

1. Algren first contends that the trial court erred in joining the separate indictments for trial in the same proceeding. We disagree.

The Supreme Court of Georgia has held that if charges against a defendant are "joined *solely* because they are of the same or similar character, a defendant has an absolute right to sever."[2] This is so because of the "great risk of prejudice from a joint disposition of unrelated charges."[3] However, severance is not required where "the similarity of the offenses is coupled with evidence of a pattern which shows a common motive, plan, scheme, or bent of mind."[4] More precisely, offenses have not been joined *solely* because they are "of the same or similar character when the

---

[2] *Stewart v. State*, 277 Ga. 138, 139 (587 SE2d 602) (2003) (emphasis supplied); *accord Dingler v. State*, 233 Ga. 462, 463-64 (211 SE2d 752) (1975).

[3] *Stewart*, 277 Ga. at 138 (punctuation omitted).

[4] *Heck v. State*, 313 Ga. App. 571, 574 (1) (722 SE2d 166) (2012) (punctuation omitted); *accord Boatright v. State*, 308 Ga. App. 266, 273 (707 SE2d 158) (2011).

evidence of one offense can be admitted as similar transaction evidence during the trial of the other offense";[5] and "severance is not mandatory in such a case."[6]

But this does not end a trial court's inquiry because, "while the fact that evidence of one offense would be admissible in a trial of another offense is a relevant consideration in determining whether to sever, a trial court must still determine if severance of the offenses would promote a fair and intelligent determination of guilt or innocence as to each offense."[7] In doing so, the court should consider whether, "in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."[8] Finally, we review a trial court's decision in this regard for an abuse of discretion.[9]

---

[5] *Heck v. State*, 313 Ga. App. at 574 (1); *see Stewart*, 277 Ga. at 139-40.

[6] *Heck*, 313 Ga. App. at 574 (1).

[7] *Id.* (punctuation omitted); *accord Heard v. State*, 287 Ga. 554, 559 (4) (697 SE2d 811) (2010).

[8] *Heck*, 313 Ga. App. at 574 (1) (punctuation omitted).

[9] *Smith v. State*, 249 Ga. App. 39, 40 (1) (547 SE2d 598) (2001) ("We review a trial court's denial of a motion to sever the trial of separate charges for an abuse of discretion.").

In the case *sub judice*, Algren's trial only involved one charge of statutory rape, which pertained to S. H.'s allegations, and two charges of child molestation, which pertained to K. R.'s allegations. And neither the facts surrounding the offenses, nor the evidence presented to prove such facts, was complicated.[10] Consequently, Algren could not show that there was any danger that the jury would be confused or unable to distinguish the evidence and apply the law as to each offense.[11] Indeed, the verdict itself, including Algren's acquittal for the two child-molestation charges, shows that the jury fully understood the law and evidence.[12]

Furthermore, all of the indicted offenses involved the same type of conduct, *i.e.*, inappropriate sexual conduct with young girls over whom Algren wielded some level of authority, and they occurred within nearly one year of each other. Thus, even if the trial court had not joined the indictments, the allegations of child molestation would have been admissible in Algren's statutory-rape trial as similar-transaction

---

[10] *See Heck*, 313 Ga. App. at 575.

[11] *See id.* (holding that the trial court was not required to sever charges against defendant given that the facts and evidence pertaining to the charges were not confusing for the jury).

[12] *See Heard*, 287 Ga. at 559 (4) (finding that verdict in which defendant was acquitted of some of the charges against him demonstrated that the jury understood the law and evidence, and, therefore, severance of the charges was not warranted).

7

evidence.[13] And as noted *supra*, when the evidence of one offense can be admitted as similar-transaction evidence during the trial of the other offense, "the decision of whether to sever the offenses for trial is within the discretion of the trial court."[14] Given these circumstances, we conclude that the trial court did not abuse its discretion in joining the separate indictments against Algren for trial.

2. Algren also contends that the trial court erred by failing to charge the jury on the law regarding similar-transaction evidence. Once again, we disagree.

Initially, it is important to note that Algren did not object to any portion of the trial court's jury charges, and under OCGA § 17-8-58, "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury

---

[13] *See Heck*, 313 Ga. App. at 575 (1) (holding that trial court did not abuse its discretion in denying defendant's motion to sever charges because, *inter alia*, child-molestation charges in one indictment would have been admissible as similar-transaction evidence in trial on similar child-molestation charges). We note that Algren was tried in June 2013, and, therefore, the new Evidence Code, which eliminated bent-of-mind and course-of-conduct exceptions to similar-transaction evidence, was applicable. *See* Ga. Laws 2011, p. 99, § 101; OCGA § 24-4-404 (b). However, in criminal proceedings in which the defendant is accused of a sexual assault, the new Code includes a provision for the admission of certain prior sexual assaults or child-molestation offenses for bearing on any matters to which they are relevant. *See* OCGA §§ 24-4-413; 24-4-414.

[14] *Heck*, 313 Ga. App. at 575 (1); *see Stewart*, 277 Ga. at 140.

retires to deliberate."[15] The failure to so object precludes "appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects the substantial rights of the parties."[16] In such cases, as the Supreme Court of Georgia has explained, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[17] Thus, because Algren failed to object whatsoever to the jury charges, our review is limited to consideration in this regard.[18]

Here, Algren is correct that the trial court did not instruct the jury on the law regarding similar-transaction evidence. But this failure does not constitute error by the trial court because the State did not present any similar-transaction evidence against Algren. Indeed, as discussed at length *supra*, the State argued successfully in favor of joining the two indictments on the ground that the child-molestation charges

---

[15] OCGA § 17-8-58 (a).

[16] OCGA § 17-8-58 (b); *see also Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012); *Wheeler v. State*, 327 Ga. App. 313, 318 (758 SE2d 840) (2014).

[17] *Alvelo v. State*, 290 Ga. at 615 (5) (punctuation omitted); *see also State v. Kelly*, 290 Ga. 29, 33 (718 SE2d 232) (2011); *Wagner v. State*, 311 Ga. App. 589, 594 (716 SE2d 633) (2011) (Blackwell, J., concurring specially).

[18] *See* OCGA § 17-5-58 (b); *see also King v. State*, 317 Ga. App. 834, 836-37 (1) (733 SE2d 21) (2012).

9

*would* be admissible in the statutory-rape trial as similar-transaction evidence. Nevertheless, the simple fact is that once the trial court joined the indictments, Algren was actually *tried* (and acquitted) on the child-molestation charges. Put simply, evidence pertaining to those charges was part of the State's case-in-chief, rather than evidence of similar transactions. And in trying Algren on those charges, the trial court properly instructed the jury that the State was required to prove those charges beyond a reasonable doubt.[19]

It is, of course, well settled that a defendant is not "entitled to a jury charge on legal issues which are irrelevant, not tailored to the evidence or factually inapplicable."[20] And given that Algren was indicted and tried on the child-molestation charges, characterizing them as similar-transaction evidence in a jury charge would have been in error. Accordingly, the trial court did not commit plain error in refusing to charge the jury on the law regarding similar-transaction evidence.

---

[19] We note in passing that, in contrast, a charge on similar-transaction evidence would have provided that "the State need only prove that the defendant committed the prior offense by a preponderance of the evidence." *Miller v. State*, 325 Ga. App. 764, 767 (2) (a) (754 SE2d 804) (2014).

[20] *Wicks v. State*, 278 Ga. 550, 553 (5) (604 SE2d 768) (2004); *accord Harris v. State*, 324 Ga. App. 411, 415 (4) (b) (750 SE2d 721) (2013); *Orr v. State*, 283 Ga. App. 372, 373 (1) (641 SE2d 613) (2007).

3. Algren further contends that the trial court erred in charging the jury that a child under the age of 16 years cannot consent to sexual intercourse, arguing that, under OCGA § 24-4-412, evidence of the victim's consent is relevant even in statutory-rape cases. Again, we disagree.

At the outset, we note that the fundamental rules of statutory construction require us to "construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage."[21] Put another way, when we consider the meaning of a statute, we must (1) "presume that the General Assembly meant what it said and said what it meant,"[22]

---

[21] *State v. Mussman*, 289 Ga. 586, 588 (1) (713 SE2d 822) (2011) (punctuation omitted); *see also Martinez v. State*, 325 Ga. App. 267, 273 (750 SE2d 504) (2013) ("[A]s with any question of statutory interpretation, we necessarily begin our analysis with familiar and binding canons of construction. Indeed, in considering the meaning of a statute, our charge as an appellate court is to 'presume that the General Assembly meant what it said and said what it meant.' And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, and read the text 'in its most natural and reasonable way, as an ordinary speaker of the English language would.' In sum, where the language of a statute is plain and susceptible of only one natural and reasonable construction, 'courts must construe the statute accordingly.'") (citations and punctuation omitted).

[22] *Fed. Dep. Ins. Corp. v. Loudermilk*, 295 Ga. 579, 588 (2) (761 SE2d 332) (2014) (punctuation omitted); *see also Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013).

11

and (2) "read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would."[23]As our Supreme Court recently explained,

> [i]n our search for the meaning of a particular statutory provision, we look not only to the words of that provision, but we consider its legal context as well. After all, context is a primary determinant of meaning. For context, we may look to the other provisions of the same statute, the structure and history of the whole statute, and the other law—constitutional, statutory, and common law alike—that forms the legal background of the statutory provision in question.[24]

This is what we mean when we speak of discerning "the intent of the legislature,"[25] as that "intent" is reflected in the relevant statutory text and its contextual backdrop.[26]

Turning to the statute at issue, under the new Evidence Code, the revision of the Georgia Rape Shield Statute included only minimal changes and left the former

---

[23] *Loudermilk*, 295 Ga. at 588 (2) (punctuation omitted); *see also Deal*, 294 Ga. at 172.

[24] *Loudermilk*, 295 Ga. at 588 (2) (punctuation omitted); *see also May v. State*, 295 Ga. 388, 391-392 (761 SE2d 38) (2014); *Martinez*, 325 Ga. App. at 273.

[25] *Mussman*, 289 Ga. at 588 (1) (punctuation omitted).

[26] *See Loudermilk*, 295 Ga. at 588 (2); *see also May v. State*, 295 Ga. 388, 391-92 (761 SE2d 38) (2014); *Martinez*, 325 Ga. App. at 273.

version of the statute largely untouched.[27] That being said, OCGA § 24-4-412 (b) of the Rape Shield Statute provides:

> In any prosecution for rape in violation of Code Section 16-6-1; aggravated assault with the intent to rape in violation of Code Section 16-5-21; aggravated sodomy or sodomy in violation of Code Section 16-6-2; statutory rape in violation of Code Section 16-6-3; aggravated child molestation or child molestation in violation of Code Section 16-6-4; incest in violation of Code Section 16-6-22; sexual battery in violation of Code Section 16-6-22.1; or aggravated sexual battery in violation of Code Section 16-6-22.2, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court, following the procedure described in subsection (c) of this Code section, finds that the past sexual behavior directly involved the participation of the accused and finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution.

Ignoring the fact that in Georgia it is unquestionably a crime to have physical sexual contact with a person 15 years of age or younger,[28] Algren argues that because OCGA § 24-4-412 (b) includes statutory rape as one of the prosecutions for which

---

[27] *See* Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence 146 (2nd ed. 2014); *see also* former OCGA § 24-2-3 (2011).

[28] *Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009).

13

evidence of the victim's past sexual behavior may be admissible to support a defendant's belief that the victim consented to the sexual conduct at issue, the trial court, here, erred in charging the jury that "[a] child under the age of 16 cannot consent to sexual acts." However, while Algren's argument perhaps demonstrates that the drafters of OCGA § 24-4-412 (b) lacked an eye for detail, ultimately, it is neither clever nor particularly novel. Indeed, construing the former version of the statute, which as previously noted was only minimally changed in the new Evidence Code, this Court held that although evidence of a victim's past sexual behavior may be admissible under exceptions to the statute relating to whether the victim consented, when the complaining victim "has no legal capacity to consent, the statutory exceptions do not apply."[29]

Moreover, under the plain language of OCGA § 24-4-412 (b), the only evidence of the victim's past sexual behavior that is admissible to support a defendant's belief that the victim consented to the sexual conduct at issue is past

---

[29] *Osborne v. State*, 291 Ga. App. 711, 712 (2) (662 SE2d 792) (2008); *see also Barnes v. State*, 244 Ga. 302, 306 (3) (260 SE2d 40) (1979) (holding that logic and plain meaning of the Rape Shield Act show that it should be equally applicable in a statutory-rape case but that the exceptions in the Act relating to consent and the accused's prior participation would be inapplicable in such cases); *Coker v. State*, 164 Ga. App. 493, 494 (1) (297 SE2d 68) (1982) (holding that consent is irrelevant in cases of statutory rape, child molestation, and enticing a child for indecent purposes).

14

sexual behavior *with the defendant*.[30] Thus, pursuant to Algren's argument, evidence that S. H. consented would necessarily entail evidence that she and Algren engaged in prior sexual acts, *to which she could not consent under current law*. Suffice it to say, we flatly refuse to construe Georgia's Rape Shield Statute in a manner that would necessarily imply that the General Assembly intended for that statute to supplant the clear dictates of our criminal code.[31] Accordingly, the trial court did not plainly err in charging the jury that a child under the age of 16 years cannot consent to sexual intercourse.

4. Finally, Algren contends that the trial court erred in sentencing him for felony statutory rape, rather than the misdemeanor offense, given that the jury did not make a specific finding as to his or S. H.'s age. Once again, we disagree.

Under OCGA § 16-6-3 (a), "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." The sentencing provision of

---

[30] *See* OCGA § 24-4-412 (b).

[31] *See Mussman*, 289 Ga. at 588 (1).

15

OCGA § 16-6-3 is divided into felony and misdemeanor subsections. Subsection (b) provides:

> Except as provided in subsection (c) of this Code section, a person convicted of the offense of statutory rape shall be punished by imprisonment for not less than one nor more than 20 years; provided, however, that if the person so convicted is 21 years of age or older, such person shall be punished by imprisonment for not less than ten nor more than 20 years.

But under subsection (c), "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor."

Relying on *Apprendi v. New Jersey*,[32] Algren argues, as previously noted, that because the jury did not make a specific finding as to his or S. H.'s age, he should have only been sentenced for misdemeanor statutory rape, pursuant to OCGA § 16-6-3 (c). In *Apprendi*, the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

---

[32] 530 U.S. 466 (120 SCt 2348, 147 LE2d 435) (2000).

reasonable doubt."[33] But importantly, the focus of *Apprendi* and its progeny is that "a jury must find those facts which *increase* the punishment for a crime; [those cases] do not suggest that the jury must find those mitigating facts which *decrease* the punishment for a crime."[34] And with regard to Georgia's statutory-rape statute, this Court previously addressed this issue and held that the language in OCGA § 16-6-3 (c) establishes mitigating factors that decrease the felony punishment for the crime of statutory rape to misdemeanor punishment, and, thus, there is no constitutional requirement that their presence or absence be found by the jury.[35]

---

[33] *Id.* at 490 (IV).

[34] *Kolar v. State*, 292 Ga. App. 623, 626 (2) (665 SE2d 719) (2008); *see Apprendi*, 530 U.S. at 491-94 (V) (holding that hate-crime statute, which allowed judge to make factual determination based on preponderance of evidence, and would increase maximum sentence of defendant, violated due process requiring such determinations to be made by a jury on the basis of proof beyond a reasonable doubt); *see also Blakely v. Washington*, 542 U.S. 296, 303-04 (II) (124 SCt 2531, 159 LE2d 403) (2004) (holding that a finding of "deliberate cruelty," which increases statutory maximum for offense of kidnapping, must be found by jury); *Ring v. Arizona*, 536 U.S. 584, 609-10 (II) (124 SCt 2428, 153 LE2d 556) (2002) (holding that the jury, not the judge, must find the aggravating circumstances necessary for imposition of the death penalty).

[35] *See Kolar*, 292 Ga. App. at 629 (2) (holding that the factors set forth in the provision of child-molestation and statutory-rape statutes were mitigating factors that decreased felony punishment for crime to misdemeanor punishment, rather than defining factors that characterized baseline crime as a misdemeanor, which could be increased to a felony only if the State showed that such factors were absent).

17

Here, the indictment charged Algren with "the offense of Statutory Rape (OCGA § 16-6-3)" in that Algren "being older than 21 years of age, did engage in sexual intercourse with [S. H.], a person under 16 years of age and not the spouse of the accused . . . ." Additionally, the undisputed evidence at trial proved that S. H. was 14-years-old and that she was not Algren's spouse at the time they engaged in sexual intercourse. Given these circumstances, the trial court was not required to sentence Algren for misdemeanor statutory rape, pursuant to OCGA § 16-6-3 (c).[36] Accordingly, the trial court did not err in sentencing Algren for felony statutory rape.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[36] *See Rodriguez v. State*, 306 Ga. App. 169, 171 (2) (702 SE2d 10) (2010) (holding that because the indictment adequately set forth a charge of felony statutory rape and because evidence proved charge as indicted, the trial court was not required to sentence defendant for misdemeanor statutory rape); *Attaway v. State*, 284 Ga. App. 855, 856-57 (2) (644 SE2d 919) (2007) (same); *Orr*, 283 Ga. App. at 373 (2) (holding that trial court was not compelled, under the rule of lenity, to impose misdemeanor statutory rape penalty even though indictment made no mention of defendant's age).